UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ANGIODYNAMICS, INC., AND NAVILYST MEDICAL, INC., PORT CATHETER PRODUCTS LIABILITY LITIGATION | Case No.: 3:24-md-03125-JO-VET<br><br>**STIPULATED CASE MANAGEMENT ORDER NO. 1 (Direct Filing, Service of Process, Attorney Registration)** |

## I. SCOPE OF THE ORDER

This Order shall govern all cases transferred to this Court by the Judicial Panel on Multidistrict Litigation (JPML), pursuant to its Transfer Order dated October 3, 2024; any tag-along actions subsequently transferred to this Court by the JPML pursuant to Rule 7.1 of the Rules of Procedure of that Panel; and all related cases directly filed in this Court or transferred or removed to this Court.

## II. DIRECT FILING OF CASES INTO MDL NO. 3125

### A. Direct Filing

To eliminate delays associated with transferring cases filed in or removed from other federal district courts to this Court, and to promote judicial efficiency, any Plaintiff

whose case would be subject to transfer to MDL 3125 may file his/her case directly into MDL 3125 in the Southern District Court for the District of California as a member case of the MDL, rather than in the federal district court in which the Plaintiff would have otherwise filed his or her case in the absence of this Order. With the exception of any complaints that include plaintiffs who solely assert derivative claims, no multi-plaintiff complaints may be filed in MDL 3125.

Defendants agree that they will not assert any objection of improper venue pursuant to Fed. R. Civ. P. 12(b) as to any AngioDynamics port catheter-related cases filed directly in the Southern District of California that emanate from districts outside the Southern District of California and that are filed in this multidistrict litigation for pretrial proceedings.

The inclusion of any such action in MDL 3125 shall not constitute a determination by this Court that venue is proper in this District. Likewise, nothing in this Order shall be construed as a waiver of personal jurisdiction by any named Defendant, served or unserved.

Filing an action directly into MDL 3125 shall not constitute, for any party, a waiver pursuant to *Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998). Nothing contained in this Order precludes the parties from agreeing, at a future date, to try any case in this District.

**B. Designation in Complaint**

When utilizing and invoking this Order to file a case directly into MDL 3125, the Plaintiff shall use the caption set forth in Section C below and include the following leading paragraph in his/her Complaint:

> Plaintiff files this Complaint pursuant to CMO No. 1, and is bound by the rights, protections, privileges, and obligations of that CMO. In accordance with CMO No. 1, Plaintiff hereby designates the United States District Court for the _____ as the place of remand as this case may have originally been filed there pursuant to 28 U.S.C. § 1391.

For any case filed or transferred to this Court prior to the entry of this Order, to be

considered a direct-filed case pursuant to this Order, the Plaintiff shall file a notice of direct filed action **within 45 days of this Order**. The notice must include a designation of venue, which will be the presumptive place of remand absent a showing by Plaintiffs or Defendants that the place of remand should be elsewhere based upon good cause shown pursuant Section G below.

### C. Caption

The caption for any Complaint that is directly filed into MDL 3125 before this Court shall further bear the following caption:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ANGIODYNAMICS, INC., AND NAVILYST MEDICAL, INC., PORT CATHETER PRODUCTS LIABILITY LITIGATION | Case No. 3:24-md-03125-JO-VET<br>MDL No. 3125 |
| Plaintiff<br>v.<br>Defendants | JUDGE JINSOOK OHTA |
| This Document Relates to: Civil Action No. | |

### D. Master and Member Dockets.

With regards to all other filings, the Clerk of the Court shall maintain a Master Docket Case File under the style "In Re: AngioDynamics, Inc., and Navilyst Medical, Inc., Port Catheter Products Liability Litigation" and the identification "MDL No. 3125."

When a pleading is intended to be applicable to all actions in the MDL, the following shall be included at the bottom of the caption: "**This Document Relates to All Cases**." When a pleading is intended to apply to fewer than all of the cases, this Court's docket number for each individual case to which the document number relates shall appear immediately after the words "**This Document Relates To**."

### E. Choice of Law

All parties stipulate and agree that a case filed directly in MDL 3125 pursuant to this Order will have no impact on choice of law that otherwise would apply to an individual case had it been originally filed in another district court and transferred to this Court pursuant to 28 U.S.C. § 1407.

### F. Statute of Limitations

All Defendants stipulate and agree that the filing of a Complaint directly in MDL 3125 pursuant to this Order shall stop the running of any applicable statute of limitations, statute of repose, or prescriptive or preemptive period as if the Complaint had been filed in an appropriate venue.

### G. Transfer for Trial to Federal Court of Proper Venue

Civil actions in this MDL were transferred to this Court by the Panel for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. Upon completion of the pretrial proceedings related to a civil action in MDL 3125 as determined by this Court, any pending case originally transferred by the Panel will be remanded to the Panel for transfer back to the original transferor jurisdiction. If the case was directly filed in or removed to this MDL, the case shall be transferred pursuant to 28 U.S.C. § 1404(a) or § 1406(a) to the federal district court in the district of proper venue as defined by 28 U.S.C. § 1391, after giving the parties an opportunity to meet and confer and be heard on the issue.

The transfer will be based on the district that the Plaintiff designates in his/her direct filed Complaint or notice of direct filed action, in the manner set forth in Section B above. This designated venue will be the presumptive place of remand, absent a showing by the Plaintiff or Defendants that the place of remand should be elsewhere based upon good cause and pursuant to applicable law. Further, the parties may agree to a place of remand different than what the Plaintiff so designates.

13-CR-4514-JO-7

### III. SERVICE OF PROCESS

To eliminate disputes over service of process, Defendants agree they will waive formal service of process in cases filed into this MDL. To effectuate service, the Plaintiff shall send 1) a file-stamped copy of the filed Complaint, and 2) a request for waiver of service pursuant to Fed. R. Civ. P. 4(d) for each Defendant, by email to the following:

1. Counsel for Defendant AngioDynamics, Inc. and Navilyst Medical, Inc.: Thomas Yoo (tyoo@polsinelli.com), Amy McVeigh (amcveigh@polsinelli.com), Whitney Mayer (wmayer@polsinelli.com), and Aeverie Polintan (apolintan@polsinelli.com);
2. Counsel for Defendant PFM Medical, Inc.: Daniel Herling (djherling@mintz.com) and Arameh O'Boyle (AZOBoyle@mintz.com).

Counsel for Defendants shall file the signed waiver requests with the Court within 30 days of receipt of the waiver request. Service is deemed effective as of the date Defendants file the waiver.

### IV. ATTORNEY REGISTRATION, ELECTRONIC FILING

All Complaints must be electronically filed. Prior to a Plaintiff's attorney filing a Complaint into MDL 3125, that attorney must register for or already have a Southern District of California CM/ECF login name and password.

Immediately after filing a Complaint in this District pursuant to this Order, counsel for Plaintiffs who are not admitted to practice in the Southern District of California must file an application to be admitted *pro hac vice* in accordance with Southern District of California Civil Local Rule 83.3(c)(4). The *pro hac vice* application shall be filed only in the underlying member case, and not in the Master MDL Docket. Any attorney whose *pro hac vice* application is granted in a member case has permission to appear in MDL proceedings and file in the Master MDL Docket. Once a counsel is admitted *pro hac vice* for any case in this litigation, that admission will suffice for any future cases filed in this MDL. Defendants' counsel who have been

admitted *pro hac vice* in this MDL shall be deemed admitted *pro hac vice* in any case directly filed in this Court pursuant to this order.

**IT IS SO ORDERED**.

Dated:  January 27, 2025

_____
Honorable Jinsook Ohta
United States District Judge