1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE:  ANGIODYNAMICS, INC., AND NAVILYST MEDICAL, INC., PORT CATHETER PRODUCTS LIABILITY LITIGATION | MDL 3125<br><br>Case No. 3:24-md-03125-JO-VET<br><br>**CASE MANAGEMENT ORDER NO. 3 (PROTECTIVE ORDER)** |

The parties agree and the Court recognizes that at least some of the documents and information (hereinafter the "Material") being sought through discovery in the above-captioned action are normally kept confidential by the parties.  The parties have agreed to be bound by the terms of this Protective Order ("Order") in this Multi-District Litigation (the "MDL"). In the event of remand or transfer to other courts, this Order will remain in effect in all respects until adopted by the receiving court or replaced by a subsequent order.

The Material to be exchanged throughout the course of the MDL between the parties may contain trade secret or other confidential research, technical, cost, price, marketing or other commercial information, or personal privacy information as is contemplated by Federal Rule of Civil Procedure 26(c)(1)(G).  The purpose of this Order is to protect the confidentiality of such Material as much as practical during the MDL, including any appeals arising from the MDL.

THEREFORE:

## DEFINITIONS

1.      The term "Confidential Information" will mean and include information contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is deemed to be Confidential Information

1

1  designated as "CONFIDENTIAL" by any party to which it belongs (the "Designating

2  Party").

3      2.    The term "Material" will be interpreted expansively, and will include, but

4  not be limited to: documents whether in hardcopy or electronic form; other Electronically

5  Stored Information ("ESI") including digital media and structured information;

6  correspondence; memoranda; bulletins; blueprints; specifications; customer lists or other

7  material that identify customers or potential customers; price lists or schedules or other

8  matter identifying pricing; minutes; telegrams; letters; statements; cancelled checks;

9  contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk

10  diaries; appointment books; expense accounts; recordings; photographs; motion pictures;

11  compilations from which information can be obtained and translated into reasonably usable

12  form through detection devices; sketches; drawings; notes (including laboratory notebooks

13  and records); reports; instructions; disclosures; other writings; models and prototypes and

14  other physical objects.

15      3.    The term "Counsel" will mean outside counsel of record, and other attorneys,

16  paralegals, secretaries, and other support staff employed in the law firms retained to

17  represent or advise a party in this action, as well as in-house attorneys for either party.

18                                  **GENERAL RULES**

19      4.    This Order is binding upon all parties to this MDL and their counsel (both

20  outside and inside counsel) in this MDL, upon all signatories to the "Agreement To Be

21  Bound by Protective Order," attached as Exhibit "A" (the "Acknowledgement"), and upon

22  (as applicable) any person who obtains Confidential Information produced or disclosed in

23  the MDL pursuant to this Order.

24      5.    Third parties who produce Confidential Information in this MDL and who so

25  elect may avail themselves of, and agree to be bound by, the terms and conditions of this

26  Order and thereby become a producing party for purposes of this Order.

27

28

2

6.      This Order is HIPAA-compliant pursuant to 45 C.F.R. § 164.512 (e)(1)(v). The parties agree that a receiving party (or any other person who receives Confidential Information from a receiving party) may use Confidential Information only for purposes of this MDL, including Material that contains Protected Health Information ("PHI") and individually identifiable health information that is protected from unauthorized disclosure by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), codified in 45 C.F.R. §§ 160, 164.

7.      Confidential Information includes Material that would identify patients and/or persons associated with reporting adverse events involving medical devices including but not limited to names, addresses, initials, Social Security numbers, tax identification numbers, e-mail addresses, telephone numbers, and other personal identifying information of patients (including Plaintiffs), health care providers, and research subjects.  *See* 21 C.F.R. §§ 20.63, 20.113, 45 C.F.R. §§ 160, 164.  Defendants shall not be compelled to disclose this identifying information, and a defendant may redact this identifying information from Material before production; provided, however, that such Defendant shall maintain an un-redacted copy of such Material.

8.      Material disclosing the identity of any patients and/or voluntary reporters that are not redacted pursuant to Paragraph 7 shall be treated as Confidential Information regardless of whether the Material containing such information is designated as Confidential Information.  The person(s) identified in such records shall not be contacted, either directly or indirectly, based on information so disclosed without the express written permission of the producing party, or by order of Court.  Before using any Material as part of a filing, at a deposition, or at a trial or hearing in this matter, the parties shall make a good faith effort to identify whether the Material contains information subject to redaction and, if so, to redact the same.

9.      The terms of this Order shall in no way affect the right of any person or party to redact information including but not limited to:  (a) Material that contains information

1   protected from disclosure by the attorney-client privilege, joint-defense privilege, work-

2   product doctrine or any other privilege recognized in this jurisdiction; (b) Material that

3   contains information protected by the EU Data Privacy Directive or other applicable

4   privacy law or regulation; (c) street addresses, Social Security numbers, tax identification

5   numbers, credit card numbers, dates of birth, marital status, phone numbers, personal email

6   addresses (unless that address was used for relevant correspondence), phone numbers, and

7   other personal information of employees; (d) employee usernames, employee passwords,

8   and the names of employees' spouses and children; (e) names, addresses, Social Security

9   numbers, tax identification numbers, e-mail addresses, phone numbers, and other personal

10  identifying information of any clinical investigator; and (f) information that is not at issue

11  in this MDL.

12          10.    Each party and non-party may designate as "CONFIDENTIAL" or

13  "CONFIDENTIAL – FOR COUNSEL ONLY" any Material produced by a party or non-

14  party in this MDL, including without limitation answers to interrogatories, responses to

15  requests for admission, trial testimony, deposition testimony, transcripts of trial testimony

16  and depositions, or any other information that the producing party believes should be

17  subject to this Order.

18          a.    Designation as "CONFIDENTIAL":  Any party or non-party may

19          designate Material as "CONFIDENTIAL" if the party and its counsel believe in

20          good faith that unrestricted disclosure of such Material could be potentially

21          prejudicial to the business or operations of such party, may be protected from

22          disclosure pursuant to a natural person's right of privacy, or is subject to protection

23          from disclosure under Federal Rule of Civil Procedure 26 and/or applicable statutes,

24          laws, or regulations.

25          b.    Designation as "CONFIDENTIAL – FOR COUNSEL ONLY": Any

26          party may designate information as "CONFIDENTIAL – FOR COUNSEL ONLY"

27          only if, in the good faith belief of such party and its counsel, the information is

28

4

1    among that considered to be most sensitive by the party, including but not limited

2    to trade secret or other confidential research, development, financial or other

3    commercial information.

4        11.    In the event the producing party elects to produce Material for inspection, no

5    marking need be made by the producing party in advance of the initial inspection.  For

6    purposes of the initial inspection, all Material produced will be considered as

7    "CONFIDENTIAL – FOR COUNSEL ONLY," and must be treated as such pursuant to

8    the terms of this Order.  Thereafter, upon selection of specified Material for copying by the

9    inspecting party, the producing party must, within a reasonable time prior to producing

10   those Material to the inspecting party, mark the copies of those Material that contain

11   Confidential Information with the appropriate confidentiality marking.

12       12.    Whenever a deposition taken on behalf of any party involves a disclosure of

13   Confidential Information of any party:

14           a.    the portions of the deposition must be designated as containing

15   Confidential Information subject to the provisions of this Order; such designation

16   must be made on the record whenever possible, but a party may designate portions

17   of depositions as containing Confidential Information after transcription of the

18   proceedings; a party will have until thirty (30) days after receipt of the deposition

19   transcript to send written notification by email to the opposing party or parties who

20   noticed or defended the deposition (as well as to amcveigh@polsinelli.com,

21   wmayer@polsinelli.com, and dmyers@polsinelli.com, AZOBoyle@mintz.com,

22   djherling@mintz.com , PEAdaskaveg@mintz.com ; and ajones@corywatson.com,

23   aschiavone@hslawllc.com, and andrew@avalaw.com) to inform the other party or

24   parties to the action of the portions of the transcript to be designated

25   "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY."  The

26   correspondence shall be maintained with the transcript and shall accompany the

27   transcript at all times.

28

b.      the disclosing party will have the right to exclude from attendance at the deposition, during such time as the Confidential Information is to be disclosed, any person other than the deponent, counsel (including their staff and associates), and subject to Paragraph 18, consultants or experts retained by counsel on a party's behalf and who have signed the Acknowledgement attached as Exhibit "A", the court reporter, and other person(s) agreed upon; and

c.      the originals of the deposition transcripts and all copies of the deposition must bear the legend "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY," as appropriate, on the face of the transcript, and the original or any copy ultimately presented to a court for filing must not be filed unless it can be accomplished under seal pursuant to Paragraph 19, identified as being subject to this Order, and protected from being opened except by order of this Court.

13.     Except as set forth in Paragraph 18, Material designated as Confidential Information must not be disclosed by the receiving party to anyone other than those persons designated within this Order and must be handled in the manner set forth below and, in any event, shall be used by the receiving party solely for purposes of the prosecution or defense of this MDL, must not be used for any purpose other than in connection with this MDL, shall not be used by the receiving party for any business, commercial, competitive, personal, or any other purpose, and shall not be disclosed by the receiving arty to anyone other than as set forth herein, unless and until such designation is removed either by agreement of the parties or by order of the Court.

14.     Material designated "CONFIDENTIAL" may be disclosed only to:

a.      Counsel(as defined in Paragraph 3), as well as employees of said counsel to whom it is reasonably necessary to disclose the information for this MDL;

b.      Counsel for insurers or others indemnifying any party to this MDL who have signed Exhibit A;

6

c.      Parties to this MDL, including the officers, directors, and employees (including in-house counsel) of the party receiving Confidential Information to whom disclosure is reasonably necessary for this MDL;

d.      Experts to whom disclosure is reasonably necessary for this MDL and who have signed the Acknowledgement, attached hereto as Exhibit A;

e.      Any mediator or arbitrator appointed by the Court or selected by the parties, including their employees or agents as necessary to conduct their work;

f.      The Court and its personnel;

g.      Litigation support vendors, stenographic employees, and clerical employees associated with the individuals identified above; and

h.      Any other persons with the consent of the producing party and upon such conditions as the producing party may agree.

i.      The parties further agree to meet and confer, at the appropriate time, regarding what confidential documents can be shown to those present in a courtroom for hearing or trial, including but not limited to jurors. Nothing in this order shall be construed as binding the parties on the issue or preventing further good faith efforts to reach agreement on what is appropriate disclosure of confidential information.

15.     Information designated "CONFIDENTIAL - FOR COUNSEL ONLY" must be viewed only by those individuals identified in Paragraphs 14(a)-(b); (d)-(h).

16.     With respect to Material designated as "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY," any person indicated on the face of the document to be its originator, author, or a recipient of a copy of the document may be shown the same.

17.     All Material which has been designated as "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" by the producing or disclosing party, and any and all reproductions of that information, must be retained in the custody of the counsel

1   for the receiving party, except that experts authorized to view such information under the

2   terms of this Order may retain custody of copies such as are necessary for their participation

3   in this MDL.

4       18.    Before any Material produced in discovery, answers to interrogatories,

5   responses to requests for admissions, deposition transcripts, or other documents that are

6   designated as Confidential Information are filed with the Court for any purpose, the party

7   seeking to file such Material under seal shall comply with any applicable local rules

8   regarding sealing.

9       19.    Any party may challenge a designation of confidentiality at any time (the

10  "Challenging Party").  A party does not waive its right to challenge a confidentiality

11  designation by electing not to mount a challenge promptly after the original designation is

12  disclosed. A party may challenge the designation of a document or other Material as

13  Confidential as follows:

14      a.    The Challenging Party shall serve upon counsel for the Designating

15  Party a written notice stating the good faith reasons for the challenge, including but

16  not limited to the Bates number(s) of the Material being challenged.

17      b.    Within ten (10) business days from receipt of the notice of challenge,

18  the parties shall meet and confer with a sincere effort to resolve the dispute as

19  required by Local Rule of Civil Procedure 26.1(a).

20      c.    If agreement cannot be reached without Court intervention, the parties

21  shall request a telephone conference with the Court concerning the challenged

22  Material.  The producing party has the burden of proving that the challenged

23  Material contains Confidential Information.

24      d.    Any Material designated as Confidential Information that is the

25  subject of a challenge shall remain subject to this Order until the Court rules on the

26  dispute.

27

28

8

1       20.    All Confidential Information must be held in confidence by those inspecting

2 or receiving it and may only be used for purposes of this MDL.  Counsel for each party and

3 each person receiving Confidential Information must take reasonable precautions to

4 prevent the unauthorized or inadvertent disclosure of such information.  If Confidential

5 Information is disclosed to any person other than a person authorized by this Order, the

6 party responsible for the unauthorized disclosure must immediately bring all pertinent facts

7 relating to the unauthorized disclosure to the attention of the other parties and, without

8 prejudice to any rights and remedies of the other parties, make every effort to prevent

9 further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

10       21.    No party will be responsible to another party for disclosure of Confidential

11 Information under this Order if the information in question is not labeled or otherwise

12 identified as such in accordance with this Order.

13       22.    If a party, through inadvertence, produces any Confidential Information

14 without labeling or marking or otherwise designating it as such in accordance with this

15 Order, the producing party may give written notice to the receiving party that the document

16 or thing produced is deemed Confidential Information, and that the document or thing

17 produced should be treated as such in accordance with that designation under this Order.

18 The receiving party must treat the Materials as Confidential once the producing party so

19 notifies the receiving party.  If the receiving party has disclosed the Materials before

20 receiving the designation, the receiving party must notify the Designating Party in writing

21 of each such disclosure to the extent known, and shall take reasonable and appropriate

22 action to notify any and all persons to whom the party provided the Material of the

23 protected status of the newly designated Confidential Information, and to retrieve from any

24 person to whom the party has provided it who is not permitted by this Order to possess it.

25 Counsel for the parties will agree on a mutually acceptable manner of labeling or marking

26 the inadvertently produced Materials as "CONFIDENTIAL."

27

28

23.    Nothing within this Order will prejudice the right of any party to object to the production of any Material on the grounds that the Material is protected as privileged or as attorney work product.

24.    The parties agree that they do not intend to disclose or produce information subject to a claim of attorney-client privilege, attorney work product protection, or any other privilege, immunity or protection from production or disclosure ("Privileged Information"). If, nevertheless, a producing party discloses or produces Privileged Information, such disclosure (as distinct from use) shall be deemed inadvertent without need of further showing under Federal Rule of Evidence 502(b) and shall not constitute or be deemed a waiver or forfeiture of the privilege or protection from discovery in this MDL or in any other federal or state proceeding by that party (the disclosing party). This Section shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

25.    When the production or disclosure of any Privileged Information is discovered by or brought to the attention of the producing party, the treatment of such Material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). Upon notification by a producing party that Privileged Information has been produced, a receiving party shall immediately return, sequester, or destroy the produced Material and all copies as well as notes, summaries, and/or work product reflecting the contents of such Material. The producing party shall update its privilege log to include the produced Material and will produce a replacement production for the clawed back Material as well as updated privilege log information for the Material within fifteen (15) days of the date they notified the receiving party of the production of Privileged Information. If only a portion of a document is privileged, the producing Party shall provide a new version of the document in which the Privileged Information has been redacted. No further use or disclosure shall be made of the produced Material for which a claim of privilege is made, and the receiving party shall take all reasonable and appropriate steps to retrieve the

1  Material and all copies from any person who has received Material through the receiving

2  party until the claim, if any, is resolved.  Nothing herein restricts the right of the receiving

3  party to challenge the producing party's claim of attorney-client privilege or work-product

4  protection after receiving notice of the production or disclosure of any Privileged

5  Information.

6       26.    Nothing in this Order will bar counsel from rendering advice to their clients

7  with respect to this MDL and, in the course thereof, relying upon any information

8  designated as Confidential Information, provided that the contents of the information must

9  not be disclosed to persons not authorized to receive it under the terms of this Order.

10      27.    This Order will be without prejudice to the right of any party to oppose

11  production of any information for lack of relevance or any other ground other than the mere

12  presence of Confidential Information.  The existence of this Order shall not be used by

13  either party as a basis for discovery that is otherwise improper under the Federal Rules of

14  Civil Procedure.

15      28.    Nothing in this Order shall be deemed to preclude the Defendants from

16  disclosing to the Food and Drug Administration, or any other regulatory authority,

17  Confidential Information or information gleaned from Confidential Information, as may be

18  required by statute or regulation.

19      29.    Nothing within this Order will be construed to prevent disclosure of

20  Confidential Information if such disclosure is required by law or by order of the Court.

21      30.    If another court or an administrative agency subpoenas or otherwise orders

22  production of Confidential Information that any party or other person has obtained under

23  the terms of this Order, the party or other person to whom the subpoena or other process is

24  directed shall immediately notify the producing party in writing of the following:  (1) the

25  Confidential Information that is requested for production in the subpoena; (2) the date on

26  which compliance with the subpoena is requested; (3) the location at which compliance

27  with the subpoena is requested; (4) the identity of the party serving the subpoena and all

28

1    available contact information for the serving party's counsel; and (5) the case name,

2    jurisdiction and index, docket, complaint, charge, civil action or other identification

3    number, or other designation identifying the litigation, administrative proceeding or other

4    proceeding in which the subpoena or other process has been issued. The subpoenaed party

5    or person shall not produce Confidential Information prior to providing the producing party

6    written notice of the request and confirming receipt of same, at which time the producing

7    party bears the burden (and all costs and legal fees) of opposing the subpoena or other

8    notice as it deems appropriate. In no event shall the party receiving the demand disclose

9    any Confidential Information prior to the date specified for disclosure, or prior to resolution

10   of any dispute regarding production of such material in response to the request, whichever

11   is later. The party receiving the subpoena or other notice shall cooperate with the producing

12   party in any proceeding relating thereto. Nothing in this Order shall be construed as

13   authorizing a party to disobey a lawful subpoena issued in another action.

14        31.    The provisions of this Order shall not terminate at the conclusion of this

15   action. Except as otherwise expressly provided in this Order, within forty-five (45) days

16   after final conclusion of the last case in the MDL, or such other time as the producing party

17   may agree in writing, counsel shall, at their option, return or destroy all Material designated

18   as containing Confidential Information including any copies, excerpts, and summaries

19   thereof. Each party shall certify, in writing, as to such return or destruction within the

20   45-day period. Notwithstanding the foregoing, counsel for each party may retain any

21   pretrial or trial records, pleadings, briefs, memoranda, motions, and other documents filed

22   with the Court that refer to or incorporate Confidential Information, and will continue to

23   be bound by this Order with respect to all such retained information. Further, attorney

24   work product Material that contains Confidential Information need not be destroyed, but,

25   if it is not destroyed, the person(s) in possession will continue to be bound by this Order

26   with respect to all such Material.

27

28

32.    The restrictions and obligations set forth within this Order will not apply to any information that:    (a) the parties agree should not be designated Confidential Information; (b) the parties agree, or the Court rules, is already public knowledge; (c) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Order; or (d) has come or will come into the receiving party's legitimate knowledge independently of the production by the Designating Party. Prior knowledge must be established by pre-production documentation.

33.    The restrictions and obligations within this Order will not be deemed to prohibit discussions of any Confidential Information with anyone if that person already has or obtains legitimate possession of that information.

34.    Nothing in this Order shall preclude a party from using or disclosing its own Confidential Information in any manner it sees fit, without the prior consent of any other party.

35.    Any person in possession of another party's Confidential Information shall exercise the same care with regard to the security, storage, custody, or use of the Confidential Information as they would apply to their own material of the same or comparable sensitivity, and will maintain appropriate administrative, technical, and organizational safeguards ("Safeguards") that protect the security and privacy of Confidential Information.  The Safeguards will meet or exceed relevant industry standards and limit the collection, storage, disclosure, use of, or access to Confidential Information solely to personnel and purposes authorized by this Order.  Each person will ensure that anyone acting on that person's behalf is subject to the Safeguards or otherwise provides equivalent or greater protections for the security and privacy of Protected Material.

36.    If a receiving party learns that, by inadvertence or otherwise, it has disclosed Confidential Information in any circumstance not authorized under this Order, the receiving party must immediately (a) notify in writing the Designating Party of the

1    unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the

2    Confidential Information, (c) inform the person or persons to whom unauthorized

3    disclosures were made of the terms of this Order, and (d) request such person or persons to

4    execute the Acknowledgement attached hereto as Exhibit A.

5        37.    If a receiving party or person authorized to access Confidential Information

6    ("Authorized Recipient") discovers any loss of Confidential Information or a breach of

7    security, including any actual or suspected unauthorized access, relating to another party's

8    Confidential Information, the receiving party or Authorized Recipient shall:  (1) promptly

9    stop the unauthorized breach; (2) promptly (within 72 hours) provide written notice (via

10   electronic mail) to the Designating Party of such breach, including information regarding

11   the size and scope of the breach; and (3) investigate and make reasonable efforts to

12   remediate the effects of the breach.  In any event, the receiving party or Authorized

13   Recipient shall promptly take all necessary and appropriate corrective action to terminate

14   any unauthorized access.

15       38.    Transmission by email or some other currently utilized method of

16   transmission is acceptable for all notification purposes within this Order.

17       39.    This Order may be modified by agreement of the parties, subject to approval

18   by the Court.

19       40.    The Court may modify the terms and conditions of this Order for good cause,

20   or in the interest of justice, or on its own order at any time in these proceedings.

21       41.    This Court shall retain jurisdiction over the parties in connection with

22   enforcement of the terms of this Order.  In the event of transfer to other courts, this Order

23   will remain in effect in all respects until adopted by the transferee court or replaced by a

24   subsequent order.  Unless more specifically addressed by the terms of this Order, this action

25   remains subject to the relevant provisions of the Federal Rules of Civil Procedure and the

26   Local Rules governing the production of documents and ESI.

27

28

1    Dated this 17th day of April, 2025.

2                                                                    _____

3                                                                    Jinsook Ohta
                                                                     United States District Judge
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

15

103128535.2

1

## **EXHIBIT A**

2

## **AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

3   I, _____ [print or type full name], of

4   _____ [print or type full address],

5   declare under penalty of perjury that I have read in its entirety and understand the Protective

6   Order that was issued in the matter of *IN RE: ANGIODYNAMICS, INC., AND NAVILYST*

7   *MEDICAL, INC., PORT CATHETER PRODUCTS LIABILITY LITIGATION, MDL*

8   *No. 3125, Case No. 3:24-md-03125-JO-VET.*

9   I agree to comply with and to be bound by all the terms of this Protective Order and

10   I understand and acknowledge that failure to so comply could expose me to sanctions and

11   punishment in the nature of contempt.  I submit to the jurisdiction of the United States

12   District Court for the Southern District of California for purposes of enforcing this

13   Agreement and the Protective Order.  I will limit use of Confidential Information disclosed

14   to me solely for purposes of this MDL.  I solemnly promise that I will not disclose in any

15   manner any information or item that is subject to this Protective Order to any person or

16   entity except in strict compliance with the provisions of this Order.  I declare under penalty

17   of perjury that the foregoing is true and correct.

18   Date: _____

19   City and State where sworn and signed:

20   _____

   Printed Name: _____
21

22   Signature: _____

23

24

25

26

27

28

103128535.2