**POLSINELLI LLP**
THOMAS YOO (SBN 175118)
tyoo@polsinelli.com
AEVERIE POLINTAN (SBN 358614)
apolintan@polsinelli.com
2049 Century Park East, Suite 2900
Los Angeles, CA  90067
Telephone:    310.556.1801
Facsimile:    310.556.1802

**POLSINELLI PC**
AMY McVEIGH (*pro hac vice*)
amcveigh@polsinelli.com
WHITNEY MAYER (*pro hac vice*)
wmayer@polsinelli.com
1717 Arch Street, Suite 1200
Philadelphia, PA  19103
Telephone:    215.267.3001
Facsimile:    215.267.3002

*Attorneys for Defendants*
*AngioDynamics, Inc. and*
*Navilyst Medical, Inc.*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ANGIO DYNAMICS, INC., AND NAVILYST MEDICAL, INC., PORT CATHETER PRODUCTS LIABILITY LITIGATION, | Case No. 3:24-md-03125-JO-VET |
| | Assigned for All Purposes to Hon. Jinsook Ohta |
| THIS DOCUMENT RELATES TO: | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS ANGIODYNAMICS, INC. AND NAVILYST MEDICAL, INC.'S MOTION TO DISMISS CALIFORNIA CLAIMS PURSUANT TO ORDERS DATED AUGUST 25, 2025 AND SEPTEMBER 5, 2025** |
| Roberta Caldwell v. AngioDynamics, Inc., et. al., No. 3:25-cv-00599-JO-VET; Xavier Garrison v. AngioDynamics, Inc., et. al., No. 3:25-cv-00666-JO-VET; Maria Godin v. AngioDynamics, Inc., et. al., No. 3:25-cv-01561-JO-VET; Julie Lapper v. AngioDynamics, Inc., et al., No. 3:24-cv-02357-JO-VET; Vanessa Manjarrez v. AngioDynamics, Inc., et. al., No. 3:25-cv-00906-JO-VET; Pearl Meyer v. AngioDynamics, Inc., et. al., No. 3:25-cv-00303-JO-VET; Bradley Ochsenbein v. AngioDynamics, Inc. et. al., No. 3:25-cv-00389-JO-VET; | *[Submitted concurrently with Defendants' Notice of Motion and Motion to Dismiss; and [Proposed] Order]* **Date:**  November 13, 2025 **Time:**  9:30 AM **Ctrm:**  4C |

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
(310) 556-1801

Laura Schultz v. AngioDynamics, Inc., et. al.,
No. 3:24-cv-01921-JO-VET;
Kelley Silva  v. AngioDynamics, Inc., et. al.,
No. 3:25-cv-00190-JO-VET;
Stacy Valdez v. AngioDynamics, Inc., et. al.,
No. 3:24-cv-02490-JO-VET.

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
(310) 556-1801

2

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF DEFENDANTS' MOTION TO DISMISS

# TABLE OF CONTENTS

**PAGE**

I.    INTRODUCTION ..................................................................................................1

II.   PROCEDURAL BACKGROUND.......................................................................3

III.  LEGAL STANDARD..........................................................................................5

      A.     Failure to state a claim under Rule 12(b)(6) .........................................5

      B.     The Court's Rulings and Order................................................................5

IV.  ARGUMENT ......................................................................................................6

      A.     The California Plaintiffs failed to comply with the Court's Order and their claims must be dismissed as time-barred.................................................6

      B.     Plaintiffs should not be given further leave to amend. .........................21

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
(310) 556-1801

i

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF DEFENDANTS' MOTION TO DISMISS

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Adams v. Am. Med. Sys., Inc.*,
    705 Fed. Appx. 744 (10th Cir. 2010) ............................................................8

*Allen v. Bayer Healthcare Pharms., Inc.*,
    No. 4:14-CV-178 (CEJ), 2014 WL 655585 (E.D. Mo. Feb. 20, 2014) ...................9

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ....................................................................5, 6

*Braxton-Secret v. A.H. Robins Co.*,
    769 F.2d 528 (9th Cir. 1985) ...........................................................10

*Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*,
    637 F.3d 1047, 1058 (9th Cir. 2011) ...................................................22

*Caldwell v. AngioDynamics, Inc., et al.*,
    No. 3:25-cv-00599-JO-VET (S.D. Cal. June 1, 2025), Dkt. 7....................6, 7, 8, 9, 10

*Carvalho v. Equifax Info. Servs., LLC*,
    629 F.3d 876 (9th Cir. 2010) .........................................................21, 22

*Coleman v. Bos. Sci. Corp.*,
    No. 1:10-CV-01968-OWW, 2011 WL 3813173 (E.D. Cal. Aug. 29, 2011) .............6, 8

*Crum v. Am. Med. Sys., Inc.*,
    No. 1:20-cv-00570-TWP-DML, 2021 WL 211502 (S.D. Ind. Jan. 20, 2021) ...........9

*DeLellis v. Johnson & Johnson*,
    No. 20-11665-MLW, 2021 WL 3206772 (D. Mass. July 26, 2021) ......................8

*Ducat v. Ethicon, Inc.*,
    No. 4:21-CV-10174-MRG, 2023 WL 7116763 (D. Mass. Oct. 27, 2023)................8

*E.E.O.C. v. ABM Indus. Inc.*,
    249 F.R.D. 588 (E.D. Cal. 2008) ........................................................5

*Eidson v. Medtronic*,
    981 F. Supp. 2d 868 (N.D. Cal. 2013) .................................................6, 7

*Ferdik v. Bonzelet*,
    963 F.2d 1258 (9th Cir. 1992), *as amended* (May 22, 1992) ..............................6

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
(310) 556-1801

ii

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF DEFENDANTS' MOTION TO DISMISS

*Fox v. Ethicon Endo-Surgery, Inc.*,
    110 P.3d 914 (Cal. 2005) ....................................................................6, 7

*Garrison v. AngioDynamics, Inc., et al.*,
    No. 3:25-cv-00666-JO-VET (S.D. Cal. Mar. 21, 2025), Dkt, 1 ...................................4, 16, 17

*Godin v. AngioDynamics, Inc., et al.*,
    No. 3:25-cv-01561-JO-VET (S.D. Cal. June 18, 2025), Dkt, 1.........................................17, 18

*Graham v. Bank of Am., N.A.*,
    172 Cal. Rptr. 3d 218 (Cal. Ct. App. 2014) ....................................................10

*Haddad v. Merck & Co.*,
    No. CV 22-2151-DMG, 2022 WL 17357779 (C.D. Cal. Aug. 11, 2022) ............................6, 8

*Henderson v. Pfizer, Inc.*,
    285 Fed. Appx. 370 (9th Cir. 2008)........................................................8

*Huitt v. Teva Pharms. USA, Inc.*,
    No. 2:20-cv-00954-WBS-KJN, 2020 WL 5642369 (E.D. Cal. Sept. 22, 2020)..................6, 7

*Lapper v. AngioDynamics, Inc., et al.*,
    No. 3:24-cv-02357-JO-VET (S.D. Cal. June 1, 2025), Dkt. 16.........................................18

*Manjarezz v. AngioDynamics, Inc., et al.*,
    No. 3:25-cv-00906-JO-VET (S.D. Cal. Apr. 16, 2025), Dkt. 1.........................................19

*Meyer v. AngioDynamics, Inc., et al.*,
    No. 3:25-cv-00303-JO-VET (S.D. Cal. May 31, 2025), Dkt. 6...................................13, 14, 15

*Norgart v. Upjohn Co.*,
    981 P.2d 79 (1999)........................................................10

*O'Brien v. Sinatra*,
    315 F.2d 637 (9th Cir. 1963) ........................................................6

*Ochsenbein v. AngioDynamics, Inc., et al.*,
    No. 3:25-cv-00389-JO-VET (S.D. Cal. May 31, 2025), Dkt. 6.........................................15, 16

*Philips v. Ford Motor Co.*,
    No. 14-CV-02989-LHK, 2016 WL 1745948 (N.D. Cal. May 3, 2016) ...............................10

*Reddy v. Litton Indus., Inc.*,
    912 F.2d 291 (9th Cir. 1990) ........................................................22

*Rustico v. Intuitive Surgical, Inc.*,
    424 F.Supp.3d 720 (N.D. Cal. 2019), *aff'd*, 993 F.3d 1085 (9th Cir. 2021) .........................10

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
(310) 556-1801

iii

*Rutledge v. Bos. Woven Hose & Rubber Co.*,
    576 F.2d 248 (9th Cir. 1978) ..................................................................................10

*Schultz v. AngioDynamics, Inc., et al.*,
    No. 3:24-cv-01921-JO-VET (S.D. Cal. May 16, 2025), Dkt. 12......................................19, 20

*Silva v. AngioDynamics, Inc., et al.*,
    No. 3:25-cv-00190-JO-VET (S.D. Cal. June 1, 2025), Dkt. 13......................................21

*United States v. Corinthian Colleges*,
    655 F.3d 984 (9th Cir. 2011) ..................................................................................22

*Valdez v. AngioDynamics, Inc., et al.*,
    No. 3:24-cv-02490-JO-VET (S.D. Cal. May 30, 2025), Dkt. 13......................................11, 12

*Vess v. Ciba-Geigy Corp. USA*,
    317 F.3d 1097 (9th Cir. 2003) ..................................................................................10

**Statutes**

Cal. Code Civ. Proc. § 335.1 ..................................................................................7

Fed. R. Civ. P. 12(b)(6) ..................................................................................5

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
(310) 556-1801

Case No. 3:24-md-03125-JO-VET

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF DEFENDANTS' MOTION TO DISMISS

## I.    INTRODUCTION

In April 2025, this Court characterized Plaintiffs' original complaints as "inadequate" because they did not contain the factual detail necessary to allow the Court to determine whether the statute of limitations barred Plaintiffs' claims.  After months of briefing and during an extensive hearing, the Court made a number of rulings that provided Plaintiffs with very specific instructions and clear examples of the types of facts that the Court expected to see in complaints that appear time-barred on their face.  Plaintiffs have ignored these rulings and have ignored the Court's subsequent Order memorializing the rulings.  Their non-compliant amended complaints should be dismissed.

This MDL is overloaded with stale claims that will burden the efficient progress of the MDL.  Given that facially time-barred cases serve only to waste judicial and litigant resources and considering the federal pleading standard that requires all claims to be *plausible*, this Court required all Plaintiffs – regardless of which state law applies – to amend their individual complaints to provide the Court with the "crucial information" that was "missing" from their original pleadings. This included, as the Court explained, facts that would answer questions like "after the device came out, or even before, what questions did you ask? Who did you ask? What did you do to find out?" and "what answers did you get that either made you keep looking or made you stop looking?"  The Court instructed that the amendments needed to include individual, plaintiff-specific facts that would show the "reasonable measures" that each plaintiff took to investigate their injury, including (but not limited to) following up with their treating physician and researching publicly available information.  These rulings were clear, direct, and expressly incorporated into the Court's April 24, 2025 Order ("April Order").

Plaintiffs have not complied with the Court's rulings or the April Order. Nor are Plaintiffs' pleadings sufficient under California law.  The few allegations they added in their amended complaints are conclusory and, in many instances, only confirm that Plaintiffs *did nothing* to investigate the cause of their injuries.  A number of Plaintiffs expressly allege that they did not consult their doctor about their injury at all.  Others attempt artful phrasing, but arrive at the same

1

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
(310) 556-1801

place, alleging simply that no doctor ever told them that their injury was because of a defect in their device, but they did not do anything else in all the years they sat on their claims. The complaints remain inadequate, with the crucial information required to demonstrate that their years-long delay in filing suit was justified still missing.

Plaintiffs' allegations regarding their belated "discovery" of their claims are just as problematic. They allege that they first suspected they might have a claim when they came across a lawyer's advertisement. To be clear, their discovery was not spurred by a newly-published study or the release of previously-unavailable scientific data showing that AngioDynamics port catheters carried a greater risk of fracture, infection, and thrombosis than other port catheters or were failing at higher rates. Instead, Plaintiffs allege that they did nothing and learned nothing in all the years of delay, except that they happened upon a legal advertisement. Plaintiffs also do not allege that the legal advertisement included any information related to AngioDynamics port catheters (as opposed to a general advertisement about personal injury cases, medical devices, or all port catheters) that was not reasonably available to Plaintiffs during the delay period. Indeed, the risk of infection, thrombosis, and fracture are set forth in the warnings in the FDA-cleared Instructions for Use ("IFU") for AngioDynamics port catheters and have been available to Plaintiffs and their surgeons at all times. Plaintiffs' amended complaints reflect zero diligence to justify tolling of the statute of limitations. Indeed, if their conclusory allegations that they were not told by their doctor that their injury was caused by a defect in the port catheter were enough to excuse the running of the statute of limitations, then the statute of limitations and the discovery rule would be rendered meaningless because no claim would ever accrue until a plaintiff finds a lawyer – even a decade later - who recommends filing a lawsuit. That is not the law, and Plaintiffs' attorneys should not be allowed to artificially inflate their inventory in an MDL by filing a glut of obviously time-barred cases.

In sum, because Plaintiffs have not alleged facts sufficient to invoke the discovery rule and have not complied with the Court's April Order (incorporating the Court's rulings), their actions are time-barred and must be dismissed.

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
(310) 556-1801

## II. PROCEDURAL BACKGROUND

On February 20, 2025, Defendants moved to dismiss a number of actions (and/or individual claims) in this MDL as time-barred under the applicable statutes of limitations or statutes of repose ("Motion to Dismiss") (Dkt. 194). After briefing was complete (*see* Dkt. 217, 225), on April 17, 2025, the Court held oral argument on the Motion to Dismiss (Dkt. 234). During the argument, the Court made a number of rulings, including with respect to the application and pleading of the discovery rule.

Specifically, the Court found that the complaints at issue were "inadequate." Tr. 7:14-17. The Court ruled that if Plaintiffs are "relying on the discovery rule" they need to "***give [the Court] factual allegations about what the reasonable efforts were, when you found out, how you found out, because the discovery rule, that time period would only be tolled by, A, the presence of reasonable efforts***." Tr. 7:19-24 (emphasis added). The Court identified a number of key questions to flesh out those reasonable efforts and address "crucial information …missing [from Plaintiffs'] pleadings," such as "when did you find out? What questions did you ask? What did you do to find out, and when did you finally find out?" Tr. 33:15-23. At the close of the hearing, the Court again reiterated it would "require" Plaintiffs to plead factual information in response to, "after the device came out, or even before, what questions did you ask? Who did you ask? ***What did you do to find out***? When did you finally -- and ***what answers did you get that either made you keep looking or made you stop looking***? When did you finally find out? When was that date?" Tr. 39:22-40:8 (emphasis added). The Court also ruled that "what I would be looking for is, right after the surgery or at my 7-day follow-up visit with my surgeon, I asked, hey Doc, why did this happen to me? Is this because I got a bum device? Is it a bad device? Did I get hurt by the company? Or is it just something that, you know, like, could this happen to anybody?" Tr. 38:11-16. The Court was explicit – vague, generic allegations would not suffice and amended pleadings should contain, "person-specific, fact-specific type of allegation[s]" and demonstrate "reasonable measures… including but not limited to following up with your treating physician, researching available avenues for publicly available information, et cetera." Tr. 38:17-22.

Polsinelli LLP<br>2049 Century Park East, Suite 2900<br>Los Angeles, CA 90067<br>(310) 556-1801

Further, the Court required that **all** complaints be amended, regardless of state law, stating, "And so ***I want you to amend every single one of those***, and by doing that, that's what's going to create a lower or smaller bucket for defendants to take issue with. It's not because you just amended Alabama, Georgia, and California, but that you amended all of these and anticipated all their concerns about the inadequate pleading, and then they will have less to bring at that point." Tr. 44:25-45:6 (emphasis added).

On April 24, 2025, the Court issued an Order granting in part and denying in part the Motion to Dismiss (Dkt. 239) and explicitly incorporating the rulings made at the hearing. Specifically, and "[f]or the reasons stated on the record," the Court (1) dismissed certain complaints as time-barred, with leave to amend by June 2, 2025; (2) dismissed with prejudice the claims Plaintiffs ceded as time-barred; and (3) ordered the remaining Plaintiffs to amend each individual complaint subject to the Motion to Dismiss by June 2, 2025 "to specify when they discovered their causes of action, the specific diligence they undertook to discover their causes of action, and why they were prevented from discovering their causes of action within the applicable statute of limitations despite this due diligence." The Court further ordered the Parties to meet and confer about whether the amended complaints were sufficient "in light of the Court's rulings on April 17, 2025."

Plaintiffs filed amended complaints by June 2, 2025. A total of eight (8) California Plaintiffs were subject to this Court's order. *See* Exh. A. One California Plaintiff, in *Garrison v. AngioDynamics, Inc., et al.*, Case No. 3:25-cv-00666, did not file an amended complaint. Two time-barred California complaints were filed after this Court's April Order, and they suffer from the same deficiencies that were the basis for the Order. Thus, **ten (10)** total California complaints/amended complaints are analyzed in this memorandum.

After analyzing the amended complaints filed after issuance of the April Order, Defendants met and conferred with Plaintiffs' leadership and informed them that their amended complaints were insufficiently plead and did not comply with the Court's instructions as ordered. Plaintiffs responded that they disagreed and that they intended to stand on their allegations (while also asking for Defendants' consent to seek clarification from the Court regarding their sufficiency through a

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
(310) 556-1801

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

status conference).  *See* Dkt. 348. On August 25, 2025, the Court issued a Minute Order denying a request for a status conference and requiring Defendants to file their Motion to Dismiss complaints subject to California and Illinois law by September 2, 2025, with subsequent briefing on complaints subject to the laws of other states to be filed at later dates.  *See* Dkts. 349 and 350.  On September 5, 2025, the Court ordered Defendants to refile their Motions on California and Illinois plaintiffs with individual analysis of each complaint.  *See* Dkt. 368. This Motion under California law follows.

## III.    LEGAL STANDARD

### A.    Failure to state a claim under Rule 12(b)(6)

Federal Rule 12(b)(6) allows a defendant to assert a defense by motion for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  The inquiry before the court is whether, accepting the allegations in the complaint as true and drawing all reasonable inferences in the plaintiff's favor, the plaintiff has stated a claim to relief that is plausible on its face.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.* at 678.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*  Rather, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  *Id.* at 679.  "A violation of the statute of limitations is a defense to a claim and may be raised by a motion to dismiss" when it is evident from the face of the complaint.  *E.E.O.C. v. ABM Indus. Inc.*, 249 F.R.D. 588, 591 (E.D. Cal. 2008).

### B.    The Court's Rulings and Order

As outlined above, the Court required Plaintiffs to answer specific questions that would allow them "to specify when they discovered their causes of action, the specific diligence they undertook to discover their causes of action, and why they were prevented from discovering their causes of action within the applicable statute of limitations despite this due diligence."  April Order, Dkt. 239 at 2.  The Court ordered Plaintiffs to do this by including facts that would show "what the reasonable efforts were, when you found out, how you found out."  Tr. 7:20-24.  Throughout the

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
(310) 556-1801

5

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Court's rulings, the Court emphasized that the applicable standard to assess Plaintiffs' diligence is *objective* and must be viewed through the lens of a reasonable person. *Id.* ("you need to give me factual allegations about what the *reasonable efforts* were, when you found out, how you found out, because the discovery rule, that time period would only be tolled by, A, the presence of *reasonable efforts*.") (emphasis added).

The Court's rulings and Order are fully consistent with the federal pleading standards under *Iqbal* and *Twombly* as well as California law. *See Fox v. Ethicon Endo-Surgery, Inc.*, 110 P.3d 914, 919-20 (Cal. 2005) (plaintiff has the burden to show diligence, must specifically plead facts to support application of the discovery rule, and conclusory allegations are insufficient); *Eidson v. Medtronic*, 981 F. Supp. 2d 868, 893 (N.D. Cal. 2013) (same); *Huitt v. Teva Pharms. USA, Inc.*, No. 2:20-cv-00954-WBS-KJN, 2020 WL 5642369, at *3 (E.D. Cal. Sept. 22, 2020) (same); *Haddad v. Merck & Co.*, No. CV 22-2151-DMG (MAAx), 2022 WL 17357779, at *7 (C.D. Cal. Aug. 11, 2022) (same), *Coleman v. Bos. Sci. Corp.*, No. 1:10-CV-01968-OWW, 2011 WL 3813173, at *2 (E.D. Cal. Aug. 29, 2011) (CA discovery rule is an objective standard).

Further, a court may dismiss an action when a plaintiff fails to comply with a court order. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992), *as amended* (May 22, 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), [a] district court may dismiss an action for failure to comply with any order of the court."); *O'Brien v. Sinatra*, 315 F.2d 637, 641-42 (9th Cir. 1963) (affirming dismissal of amended complaint for failure to comply with court order).

## IV.    ARGUMENT

### A.    The California Plaintiffs failed to comply with the Court's Order and their claims must be dismissed as time-barred.

#### 1)    *Plaintiff Caldwell fails to allege sufficient facts to invoke the discovery rule or fraudulent concealment.*

Plaintiff Roberta Caldwell alleges that an AngioDynamics port catheter was implanted on July 9, 2021. Am. Compl., *Caldwell v. AngioDynamics, Inc., et al.*, No. 3:25-cv-00599-JO-VET (S.D. Cal. June 1, 2025), Dkt. 7, at ¶ 40. She further alleges that on November 22, 2021, her port

Polisinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
(310) 556-1801

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
(310) 556-1801

"bec[a]me occluded at the tip with a fibrin sheath, rendering blood withdrawals impossible." *Id.* at ¶ 44. As a result, on March 15, 2022, her port was removed. *Id.* at ¶ 45. Under California's two-year statute of limitations for personal injury, Caldwell's claim accrued on November 22, 2021, requiring her to file by November 22, 2023, to be timely. *See* Cal. Code Civ. Proc. § 335.1. Instead, she waited until March 13, 2025, to file her Complaint.

In violation of the April Order and California law, Caldwell failed to alleged facts sufficient to show that she was unable to discover her claim within the statute of limitations despite reasonable diligence. *See Fox*, 35 Cal. 4th at 808 ("A plaintiff whose complaint shows on its face that his or her claim would be barred without the benefit of the discovery rule must specifically plead facts to show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence."); *see also Eidson*, 981 F.Supp.2d at 893 (same). She therefore has failed to meet her burden to show the discovery rule applies in order to excuse her late filing. *See Fox*, 35 Cal. 4th at 808 (holding that in assessing the sufficiency of the allegations of delayed discovery, "the court places the burden on the plaintiff to show diligence.").

Caldwell includes only one conclusory allegation regarding her supposed diligence. *Caldwell*, at ¶ 68. She claims that she inquired with her physician about the cause of her fibrin sheath and her physician stated he did not know the cause. *Id.* She provides no factual details about the conversation. Moreover, she does not allege that she undertook any other effort to discover her claim. She did not do any research on her own or discuss the issue with any other physician. These conclusory allegations are insufficient to invoke the discovery rule. *See Eidson*, 981 F.Supp.2d at 893 (dismissing plaintiff's complaint for failing to plead the discovery rule because plaintiffs' complaint stated in conclusory terms that, "[d]espite diligent investigation by Plaintiff into the cause of his injuries, including numerous consultations with … medical providers, the nature of Plaintiff's injuries and damages, and their relationship to [the product at issue] was not discovered, and through reasonable care and diligence could not have been discovered, until a date within the applicable statute of limitations for filing Plaintiff's claims."); *Huitt*, 2020 WL 5642369, at *4 (dismissing plaintiff's complaint for failing to allege reasonable diligence and the

steps she used to investigate because plaintiff only vaguely asserted, she had "consulted with her medical providers."); *Haddad*, 2022 WL 17357779, at \*7 (C.D. Cal. Aug. 11, 2022) (same).

The only thing that can be gleaned from Caldwell's sparse allegation is that she asked one question, got no definitive answer, and simply stopped looking. *See Caldwell*, at ¶ 68. This is objectively unreasonable and is not enough to invoke the discovery rule. *See Ducat v. Ethicon, Inc.,* No. 4:21-CV-10174-MRG, 2023 WL 7116763, at \*4 (D. Mass. Oct. 27, 2023) (rejecting plaintiff's argument that she had no reason to suspect her mesh played a role in her injuries because her physician never explicitly told her a defect in the mesh was the cause because, " there is a difference between a doctor failing to pinpoint a medical device as a cause of a plaintiff's injuries and a doctor attributing a plaintiff's injuries to some other preexisting cause."). Indeed, courts in California have determined that a reasonable person who is implanted with a medical device that requires a second corrective surgery to remove it within a year of implantation should suspect a defect in the device and conduct a reasonable inquiry and examination into the suitability of the device at the time of removal. *See Henderson v. Pfizer, Inc.*, 285 Fed. Appx. 370, 372 (9th Cir. 2008); *see also Coleman*, 2011 WL 13249828, at \*1 (E.D. Cal. Sept. 12, 2011) ("Plaintiff was aware of sufficient facts to put her on inquiry notice in July 2007 that revisionary surgery was necessary because the device did not perform.").

In an attempt to save her claim, Caldwell alleges that she *subjectively* believed that that her physician would not have replaced her port catheter with another port catheter had a defect existed in the first. *Caldwell*, at ¶ 69; *See, e.g.*, *Adams v. Am. Med. Sys., Inc*., 705 Fed. Appx. 744, 745 (10th Cir. 2010) (Plaintiff "knew, or should have known…when she was told she had to undergo a second operation to remove part of the mesh sling … that she had been harmed by the sling."); *DeLellis v. Johnson & Johnson*, No. 20-11665-MLW, 2021 WL 3206772 at \*5, (D. Mass. July 26, 2021) (dismissing plaintiff's claim as time-barred because having multiple surgeries involving the device should have put plaintiff on notice). As this Court has already recognized, the standard is *objective* and therefore Caldwell was explicitly ordered to include sufficient detail to show the specific diligence she undertook to discover her claim and facts that would show her lack of action

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
(310) 556-1801

8

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

1    was reasonable.  Yet Caldwell offers no other allegation to judge the reasonableness of her

2    subjective conclusion.  The discovery rule does not apply based on these facts.

3        Furthermore, Caldwell fails to allege that she later discovered information about

4    Defendants' product that was not reasonably available to her during the years-long delay before

5    she filed suit.  She alleges that she first became aware of a cause of action when she "saw [a]

6    television advertisement [in early March 2023] relating to defective port catheter devices and

7    injuries associated with these devices, including, but not limited to fractures and blood clots."  *Id*.

8    at ¶ 67.  However, Caldwell does not allege any specifics regarding this advertisement.  She does

9    not even allege facts to suggest the advertisement provided any data about defects in

10   AngioDynamics products.  She does not include any facts to show that previously unavailable

11   information about AngioDynamics products was provided in this television advertisement or why

12   she could not have discovered that information sooner. [1]  Indeed, the IFU for the device warns of

13   the risk of thrombosis, infection, and fracture, so the information Caldwell purportedly "learned"

14   from the advertisement – that port catheters can be associated with blood clots and fracture among

15   other risks – was not novel information.[2]

16       In sum, as the California Supreme Court has made clear, a plaintiff "need not know the

17   specific facts necessary to establish the cause of action … but, within the applicable limitations

18   _____

19   [1] *See Allen v. Bayer Healthcare Pharms., Inc.*, No. 4:14-CV-178 (CEJ), 2014 WL 655585, at *4
     (E.D. Mo. Feb. 20, 2014) (in holding that Delaware's time of discovery rule does not apply to toll
20   the statute of limitations, the court rejected plaintiff's "attempts to bypass the 2–year statute of
     limitations by arguing that she was not on notice of her claims against defendant until after she saw
21   an advertisement for Mirena IUD litigation" because had plaintiff "engaged in a reasonable inquiry
     of publically [sic] available information regarding the Mirena IUD, she would have discovered
22   product labels specifically warning of the injuries she alleged in the instant complaint."); *Crum v.
     Am. Med. Sys., Inc.*, No. 1:20-cv-00570-TWP-DML, 2021 WL 211502, at *6-7 (S.D. Ind. Jan. 20,
23   2021) (rejecting plaintiff's argument that her cause of action accrued when her husband saw a
     lawyer's television advertisement regarding the vaginal mesh litigation in 2013).
24

25   [2] Plaintiffs' claim, that "in addition to the large number of AERs which were known to Defendants
     and reflected in *publicly accessible databases,* there are many recorded device failures and/or injuries
26   related to the Defendants' implantable port products" that were originally submitted through the
     FDA's Alternative Summary Reporting ("ASR") program but made public in 2019.  *See* Am. Compl.,
27   *Caldwell, at* ¶¶ 32-33.

28

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
(310) 556-1801

1    was reasonable.  Yet Caldwell offers no other allegation to judge the reasonableness of her

2    subjective conclusion.  The discovery rule does not apply based on these facts.

3        Furthermore, Caldwell fails to allege that she later discovered information about

4    Defendants' product that was not reasonably available to her during the years-long delay before

5    she filed suit.  She alleges that she first became aware of a cause of action when she "saw [a]

6    television advertisement [in early March 2023] relating to defective port catheter devices and

7    injuries associated with these devices, including, but not limited to fractures and blood clots."  *Id*.

8    at ¶ 67.  However, Caldwell does not allege any specifics regarding this advertisement.  She does

9    not even allege facts to suggest the advertisement provided any data about defects in

10   AngioDynamics products.  She does not include any facts to show that previously unavailable

11   information about AngioDynamics products was provided in this television advertisement or why

12   she could not have discovered that information sooner. [1]  Indeed, the IFU for the device warns of

13   the risk of thrombosis, infection, and fracture, so the information Caldwell purportedly "learned"

14   from the advertisement – that port catheters can be associated with blood clots and fracture among

15   other risks – was not novel information.[2]

16       In sum, as the California Supreme Court has made clear, a plaintiff "need not know the

17   specific facts necessary to establish the cause of action … but, within the applicable limitations

18   _____

19   [1] *See Allen v. Bayer Healthcare Pharms., Inc.*, No. 4:14-CV-178 (CEJ), 2014 WL 655585, at *4
     (E.D. Mo. Feb. 20, 2014) (in holding that Delaware's time of discovery rule does not apply to toll
20   the statute of limitations, the court rejected plaintiff's "attempts to bypass the 2–year statute of
     limitations by arguing that she was not on notice of her claims against defendant until after she saw
21   an advertisement for Mirena IUD litigation" because had plaintiff "engaged in a reasonable inquiry
     of publically [sic] available information regarding the Mirena IUD, she would have discovered
22   product labels specifically warning of the injuries she alleged in the instant complaint."); *Crum v.
     Am. Med. Sys., Inc.*, No. 1:20-cv-00570-TWP-DML, 2021 WL 211502, at *6-7 (S.D. Ind. Jan. 20,
23   2021) (rejecting plaintiff's argument that her cause of action accrued when her husband saw a
     lawyer's television advertisement regarding the vaginal mesh litigation in 2013).
24

25   [2] Plaintiffs' claim, that "in addition to the large number of AERs which were known to Defendants
     and reflected in *publicly accessible databases,* there are many recorded device failures and/or injuries
26   related to the Defendants' implantable port products" that were originally submitted through the
     FDA's Alternative Summary Reporting ("ASR") program but made public in 2019.  *See* Am. Compl.,
27   *Caldwell, at* ¶¶ 32-33.

28

period, he must indeed seek to learn the facts necessary to bring the cause of action in the first place—he cannot wait for them to find him and sit on his rights." *Norgart v. Upjohn Co.,* 981 P.2d 79, 88 (1999). Caldwell sat on her rights, waited for a fortuitous attorney advertisement and then continued to sit on her rights for another two years. The discovery rule does not apply.

Plaintiff Caldwell also cannot invoke fraudulent concealment to save her claims because she has not met her pleading burden. *See Rutledge v. Bos. Woven Hose & Rubber Co.*, 576 F.2d 248, 250 (9th Cir. 1978). Plaintiff does not allege she was induced by Defendants to delay filing her action or any specific "material" concealment that prevented her from discovering her cause of action. *See generally*, *Caldwell*, Dkt. 7; *Braxton-Secret v. A.H. Robins Co.*, 769 F.2d 528, 532 (9th Cir. 1985). To be clear, it is not enough for Caldwell to allege underlying fraud, or fraud in general, in order to invoke the doctrine of fraudulent concealment to toll the statute of limitations. *See Rustico v. Intuitive Surgical, Inc.*, 424 F.Supp.3d 720, 740 (N.D. Cal. 2019), *aff'd*, 993 F.3d 1085 (9th Cir. 2021). Instead, Caldwell was required to assert facts showing that Defendants engaged in wrongful concealment to *specifically induce the delay of the filing or pursuit of legal claims*, which she did not do. *Graham v. Bank of Am., N.A.*, 172 Cal. Rptr. 3d 218, 228 (Cal. Ct. App. 2014). As detailed above, Caldwell has also not alleged "reasonable diligence" for fraudulent concealment to apply. *Philips v. Ford Motor Co.*, No. 14-CV-02989-LHK, 2016 WL 1745948, at *14 (N.D. Cal. May 3, 2016) (holding plaintiff must show reasonable diligence to establish fraudulent concealment).

Furthermore, Plaintiff fails to allege the requisite "who, what, where, when, or how" of any purported fraudulent concealment. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (holding that claims based on fraudulent activity must "must include the 'who, what, when, where, and how' of the fraudulent activity."). As a result, Plaintiff Caldwell's action must be dismissed as time-barred.

### 2)    *Plaintiff Valdez fails to allege sufficient facts to invoke the discovery rule or fraudulent concealment.*

Plaintiff Stacy Valdez had her port catheter device implanted on May 18, 2020. Am.

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
(310) 556-1801

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
(310) 556-1801

1  Compl., *Valdez v. AngioDynamics, Inc., et al.*, No. 3:24-cv-02490-JO-VET (S.D. Cal. May 30,

2  2025), Dkt. 13, at ¶ 38.  On May 19, 2021, Valdez asserts she presented for a port flush, "which

3  was unsuccessful, and caused Plaintiff to experience pain and resistance." *Id.* at ¶ 41.  Valdez's

4  oncologist informed her that her port was "no longer functional." *Id.*  On June 22, 2021, Valdez

5  presented for removal of her port catheter, but her physician "noted that the catheter appeared to be

6  broken, and only 10cm of the catheter was removed.  Plaintiff was later sent to undergo an x-ray to

7  investigate the fractured catheter." *Id.* at ¶ 42.  On the same day, Valdez underwent an x-ray which

8  revealed "that the missing 9 cm segment of the catheter is obliquely oriented across the right aspect

9  of the cardiac silhouette." *Id.* at ¶ 43.  Two days later, on June 24, 2021, Valdez presented for

10 removal of her port catheter, which her physician informed her was "embedded in the cardiac wall

11 and was not accessible with a snare," though Plaintiff Valdez's doctor was "eventually successful

12 at removing the entire catheter fragment." *Id.* at ¶ 44.  Plaintiff Valdez's claim accrued at latest on

13 June 22, 2021, when she was informed a piece of the port catheter was lodged in her heart, meaning

14 Valdez would have had to file her Complaint by June 22, 2023, under California's statute of

15 limitations.  Instead, Plaintiff Valdez filed her claim over a year later, on December 13, 2024.

16      Plaintiff Valdez does not allege the reasonable diligence required to meet her burden under

17 the discovery rule. *Supra,* 7:8-14.  Valdez alleges she asked her physician why her port catheter

18 fractured, but her physician stated the cause was unknown. *Valdez*, at ¶ 71.  Plaintiff asserts she

19 "accepted this information as true" and ended her investigation. *Id.*  Valdez includes no details

20 regarding this conversation, and no facts to suggest that it was reasonable for her to cease all

21 investigation.  That is insufficient. *Supra*, 7:20-8:2.  Moreover, Valdez alleges clearly in her

22 Amended Complaint, that "Plaintiff ***knew she was injured at the time she became aware that her***

23 ***port catheter device had fractured*** on or about June 22, 2021." *Valdez*, at ¶ 70 (emphasis added).

24 Her own allegations demonstrate that she was on notice at the time of the fracture, and therefore

25 needed to conduct a *reasonable* investigation into the cause and had two years to do so, yet did

26 nothing.

27      Like Caldwell, Valdez claims she was not able to discover her potential cause of action until

28

11

"approximately July of 2023, [when] Plaintiff's mother informed Plaintiff about complications associated with port catheter products [generally, not specific to any defect in AngioDynamics port catheters] that Plaintiff's mother came across online and/or through seeing advertisements, at which point, Plaintiff began researching about the device that fractured in her body, and whether Defendants could be at fault." *Id.* at ¶ 73.  However, Valdez does not allege any specifics regarding this advertisement or what information about AngioDynamics products she learned that was not reasonably available during her delay. The IFU warns about fracture as a known risk. The advertisement Valdez's mother saw therefore contained no new information that could not have been discovered at the time of Valdez's alleged injury. *Supra*, fn. 1 (finding plaintiff's argument that they could not have discovered their cause of action until they saw advertisements unpersuasive).    Moreover, she does not even allege that the advertisement was about AngioDynamics products.  Accordingly, Plaintiff Valdez cannot exercise the discovery rule to rescue her claims.

Fraudulent concealment is also inapplicable to toll Plaintiff Valdez's claim.  Like Caldwell, Valdez's Amended Complaint contains only conclusory allegations the Defendants represented the device was "safe", when it was not.  *See Supra,* 10:23-25 (plaintiff must plead fraudulent concealment with Rule 9(b) specificity).  There is no specificity as to the "who, what, where, when, and how," as required by Rule 9(b).  *Id.*  Moreover, Valdez fails to include any facts that Defendants took an affirmative action to conceal a material fact, which Plaintiff Valdez justifiably relied on and which prevented Valdez from pursuing her cause of action against Defendants.  *See Valdez*, at ¶¶ 76-83; *Supra*, 10:11-12 (defendant needs to conceal a "material" fact to prevent plaintiff from learning of their cause of action).  Finally, Valdez does not allege reasonable diligence because after making a single inquiry to her medical provider, she took no further steps to investigate. *Supra,* 10:19-21 (noting a plaintiff must use reasonable diligence).  Therefore, Plaintiff Valdez's claims are time-barred and must be dismissed.

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
(310) 556-1801

Case No. 3:24-md-03125-JO-VET

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF DEFENDANTS' MOTION TO DISMISS

3)      *Plaintiff Meyer fails to allege sufficient facts to invoke the discovery rule or fraudulent concealment.*

Plaintiff Pearl Meyer alleges her port catheter device was implanted on November 1, 2016. Am. Compl., *Meyer v. AngioDynamics, Inc., et al.*, No. 3:25-cv-00303-JO-VET (S.D. Cal. May 31, 2025), Dkt. 6, at ¶ 40. She alleges that on February 2, 2018, she "presented to UC San Diego Medical Center to undergo a chest x-ray for symptoms of neck swelling, which revealed the tip of the SmartPort terminating in the right brachiocephalic vein. The imaging report also indicates that the location of the tip 'appears to be changed in position from a chest CT dated 9/16/2017.'" *Id.* at ¶ 44. Meyer further alleges, "[o]n or about February 7, 2018, based on the x-ray results, Plaintiff presented to UC San Diego Medical Center to undergo a port study, performed by Drs. Aaron Smith, M.D., and Jeet Minocha, M.D. The study demonstrated extravasation of contrast around the neck area. The port study also revealed that the 'extravasation of contrast in the neck soft tissues' was '***consistent with catheter degradation***.'" *Id.* at ¶ 45 (emphasis added). As a result, Plaintiff Meyer alleges her physician removed her port catheter and replaced it with another SmartPort port catheter. *Id.* at ¶¶ 46-47. Plaintiff then alleges that a March 26, 2019, ultrasound revealed a "non-specific new vein thrombus," and a May 8, 2019, ultrasound showed "a partially occlusive thrombus in the right internal jugular vein." *Id.* at ¶¶ 50-51. Plaintiff Meyer alleges she had further imaging on May 10, 2019, and November 2, 2019, which revealed "narrowing of the right brachiocephalic vein around the catheter suggesting stenosis," and confirming "stenosis of the right brachiocephalic vein surrounding the port catheter," respectively. *Id.* at ¶¶ 52-53. Finally, Meyer states her second SmartPort was removed on November 22, 2019, "due to reoccurring thrombosis." *Id.* at ¶ 54. Plaintiff Meyer's allegations show that her claims accrued by February 7, 2018, for her first port catheter and by November 2, 2019, for her second port catheter under California's product liability statute of limitations. Thus, she would have needed to file her claim related to her first port by February 7, 2020, and her second claim by November 2, 2021. Instead, Meyer filed her Complaint on February 10, 2025. *See generally Meyer*, Dkt. 6.

Plaintiff Meyer's allegations reveal she did not undertake reasonable diligence. Plaintiff

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
(310) 556-1801

13

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Polisinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
(310) 556-1801

1   states that she "inquired with the physician who removed the first SmartPort device on February 7,

2   2018, as to why the device failed and he indicated to her that he did not know what caused the

3   failure and that his only goal was to remove the port and replace it with a new one during the same

4   procedure…." at ¶ 79. But multiple surgeries in connection with a device would fuel a reasonable

5   person to investigate, not stop the investigation. *Supra,* 8:20-25 (holding multiple surgeries would

6   put a reasonable person on notice).

7         Plaintiff Meyer did not undertake any further investigation, despite not receiving an answer

8   and alleging she needed to have both SmartPorts removed due to an injury.  Nor did Meyer allege

9   she made any inquiry about the physician note regarding "catheter degradation."  *See generally*

10   *Meyer*, Dkt. 6.  Plaintiff Meyer asserts she was "not focusing on researching the cause of the first

11   SmartPort's cancer [*sic*] at the time the first SmartPort was placed and the second identical

12   SmartPort was implanted," and that she "did not put much thought behind the cause of her injuries,

13   and she just wanted to move forward."  *Meyer*, at ¶¶ 81; 83. These allegations are subjective

14   excuses, not reasons why Plaintiff Meyer could not have discovered a potential cause of action

15   despite reasonable diligence.  *Supra*, 6:13-14 (reasonableness is an objective standard).

16         Like the other Plaintiffs, Meyer claims she "became aware she had a potential cause of

17   action in March of 2023, when she saw an advertisement on Facebook relating to defective port

18   catheter devices and injuries associated with these devices, including, but not limited to, fractures

19   and blood clots."  *Meyer*, at ¶ 78.  Here again, she offers no explanation as to what previously

20   unavailable information she was able to "discover" through this advertisement that was not even

21   specific to AngioDynamics port catheters.  *Supra*, fn. 1 (noting it was not plausible plaintiffs only

22   learned they had a cause of action when they saw a litigation advertisement). As with the other

23   Plaintiffs, the Instructions for Use made clear the device carried a risk of blood clots, fractures, and

24   infection.  Thus, Meyer did not realize any groundbreaking information from the advertisement.

25         Meyer also has not stated anything in her Amended Complaint to justify tolling her claims

26   through fraudulent concealment.  She fails to state any specific, affirmative act that Defendants

27   took to conceal a "material" fact, which she relied on and that prevented her from filing her action.

28

*Supra,* 10:11-12 (plaintiff must allege defendant took an action to specifically prevent them from filing a claim). Instead, she includes general, barebones allegations that are a regurgitation of her failure to warn claims and do not come close to meeting the "who, what, when, where, and how" pleading requirements of Rule 9(b). *Supra*, 10:23-25 (plaintiff must plead fraudulent concealment with Rule 9(b) specificity). Additionally, Meyer does not allege the reasonable diligence required for fraudulent concealment claims. *Supra*, 10:19-21 (plaintiff must show reasonable diligence). Thus, Plaintiff Meyer's complaint must be dismissed as time-barred.

### 4) *Plaintiff Ochsenbein fails to allege sufficient facts to invoke the discovery rule or fraudulent concealment.*

Bradley Ochsenbein alleges he was implanted with his SmartPort device on June 13, 2019. Am. Compl., *Ochsenbein v. AngioDynamics, Inc., et al.*, No. 3:25-cv-00389-JO-VET (S.D. Cal. May 31, 2025), Dkt. 6, at ¶ 40. Ochsenbein then alleges that on December 6, 2020, he had his port catheter removed due to a "port-cath-related left internal jugular deep vein thrombosis." *Id.* at ¶ 44. Plaintiff Ochsenbein alleges he had a second SmartPort device implanted on February 25, 2021, which he then alleges was removed on August 1, 2021, due to a "port-cath-related infection." *Id.* at ¶¶ 45; 49. All of Plaintiff Ochsenbein's claims, therefore, accrued by August 1, 2021. To be timely, Ochsenbein would have needed to file his action by August 1, 2023; instead he waited until February 21, 2025. *See generally*, *Ochsenbein*, Dkt. 6.

By Plaintiff Ochsenbein's own admission, he conducted no reasonable diligence: "Plaintiff did not inquire as to what caused his thrombosis and infection because his physicians chose to implant the same device twice, suggesting to him that the device is not defective, and therefore, not the cause of his injuries." *Ochsenbein*, at ¶ 73. This allegation confirms that he *took zero steps* to inquire about his injury *at all.* And his subjective belief that he would not have been provided with two of the same device if there was a defect does not save him from his pleading obligations under the discovery rule. *See supra*, 6:13-14 (reasonableness is objective); *see also, supra* 8:5-10 (holding there is a difference between when a physician suggests an alternative cause instead of failing to connect the injury with a defect in the device); *supra*, 8:20-25 (holding multiple surgeries would

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
(310) 556-1801

put a reasonable person on notice).

Ochsenbein states he "became aware he had a potential cause of action in late February to early March of 2023, when he saw an advertisement on Facebook relating to defective port catheter devices and injuries," such as "fractures, blood clots, and infection." *Id.* at ¶ 72; *see also supra,* fn 1 (rejecting plaintiff's argument that their claims could have only accrued at the time they saw an advertisement). But none of this information was unavailable during Plaintiff's delay. To the contrary, blood clots, infection, and fracture were risks warned about in the Instructions for Use at the time of Ochsenbein's implant. Additionally, Plaintiff does not allege that the ad which supposedly alerted him to his cause of action was not even related to AngioDynamics port catheters. As a result, Ochsenbein has not adequately pled information to invoke the discovery rule.

Plaintiff's action is also not saved by fraudulent concealment. He vaguely alleges that "[t]hrough affirmative misrepresentations and omissions Defendants actively concealed from Plaintiff the true risks associated with the implantation and use of Defendants' SmartPort devices." *Ochsenbein*, at ¶ 79; *see also supra,* 10: 13-15 (alleging general fraud is not enough). But Ochsenbein fails to identify a specific act that Defendants affirmatively took to prevent him from learning he had a cause of action and does not allege the requisite "who, what, where, when, why, and how" required by Rule 9(b). *Supra*, 10:23-25 (plaintiff must plead fraudulent concealment with Rule 9(b) specificity); *supra,* 10:11-12 (defendant needs to conceal a "material" fact to prevent plaintiff from learning of their cause of action). As a result, Ochsenbein's claims are time-barred.

### 5) *Plaintiff Garrison did not file an amended complaint, does not plead the discovery rule, and it does not apply in any event.*

Xavier Garrison alleges his device was implanted on May 11, 2015. Compl., *Garrison v. AngioDynamics, Inc., et al*., No. 3:25-cv-00666-JO-VET (S.D. Cal. Mar. 21, 2025), Dkt, 1, at ¶ 40. He further alleges that on March 1, 2018, his port was removed due to blood clots. *Id.* at ¶ 43. Thus, Plaintiff Garrison's claims accrued on March 1, 2018, and he would have needed to file his action by March 1, 2020; yet he waited until March 21, 2025, nearly five years later to file his cause of action.

16

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Despite the April Order, Garrison did not file an amended complaint. His complaint is therefore subject to dismissal. *See*, *supra* 6:16-19 (district court may dismiss an action for failure to comply with any order of the court). His original complaint contains no allegations regarding any reasonable efforts to investigate his claims, when or how he discovered he had a claim, or why he could not discover his cause of action earlier with reasonable diligence.

### 6)    *Plaintiff Godin fails to allege sufficient facts to invoke the discovery rule or fraudulent concealment.*

Maria Godin alleges that her device was implanted on March 19, 2020. Compl., *Godin v. AngioDynamics, Inc., et al.*, No. 3:25-cv-01561-JO-VET (S.D. Cal. June 18, 2025), Dkt. 1, at ¶ 40. She further alleges that on July 7, 2020, she was diagnosed with an infection that led to the removal of her port on July 10, 2020. *Id.* at ¶ 45. Thus, Plaintiff Godin's claims accrued on July 10, 2020, and she would have needed to file her action by July 10, 2022; yet she waited until June 18, 2025, nearly three years later.

Godin alleges that she "no knowledge, nor did she have any reason to know,…of any potential wrongdoing" until August 2023 when her husband viewed an advertisement on the internet "regarding the defective nature of certain port catheter devices." *Id.*[3] But Godin alleges no facts to support this conclusory statement. She never asked her physician why her device was removed when she experienced an infection or conducted any research of her own. Godin also does not explain what information she learned in the advertisement that alerted her that she had a cause of action against AngioDynamics or why she could not have discovered that information earlier. Plaintiff also fails to allege that the advertisement related to AngioDynamics products, and the allegation as worded suggests that it did not. *Supra,* fn. 1 (holding plaintiffs could not reasonably have realized they had a claim only when they saw a litigation advertisement).

Godin also has not demonstrated facts sufficient to invoke tolling based on fraudulent concealment. She does not identify with the needed specificity any affirmative acts by Defendants

---

[3] While Plaintiff's Complaint was filed after the April Order, it contains the same deficiencies as the complaints subject to the order.

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
(310) 556-1801

to prevent her from learning of her cause of action, nor does she allege the required reasonable diligence. *See Supra*, 10:17 (plaintiff must allege defendant took specific action to prevent plaintiff from filing a claim); *Supra*, 10:19-21 (plaintiff must show reasonable diligence). Plaintiff Godin's claims therefore must be dismissed as untimely.

### 7)    *Plaintiff Lapper fails to allege sufficient facts to invoke the discovery rule or fraudulent concealment.*

Plaintiff Julie Lapper alleges her port catheter was implanted on July 10, 2015. Am. Compl., *Lapper v. AngioDynamics, Inc., et al.*, No. 3:24-cv-02357-JO-VET (S.D. Cal. June 1, 2025), Dkt. 16, at ¶ 40. Lapper then alleges in February 2022 she experienced an infection and her port catheter was removed as a result. *Id.* at ¶ 43. Plaintiff Lapper's claims accrued in February 2022, but she filed her original complaint on November 21, 2024, beyond the two-year statute of limitations.

Plaintiff Lapper expressly alleges that she undertook *no efforts* to investigate her injury. She alleges simply that she "did not have the opportunity to consult" with her physicians, with zero supporting details. *Id.* at ¶ 61. This does not show any diligence or explain why she could not have discovered her claim earlier.

Lapper alleges she discovered her cause of action in November 2022 when she "saw an ad regarding the AngioDynamics' defective products litigation," yet does not explain what information in this advertisement made her file a claim and was previously unavailable to her. *Id.* at ¶ 64. Nowhere in Lapper's complaint does she allege why she could not have discovered her cause of action with reasonable diligence at the time of her alleged injury.

Lapper cannot save her claim with fraudulent concealment because she did not allege reasonable diligence or any particularized allegations explaining how Defendants took an affirmative act that prevented her from learning of her cause of action. *See supra,* 10:23-25 (plaintiff must plead fraudulent concealment with Rule 9(b) specificity); *see also supra,* 10:19-21 (plaintiff must show reasonable diligence). Plaintiff Lapper's claims must be dismissed as time-barred.

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
(310) 556-1801

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF DEFENDANTS' MOTION TO DISMISS

8)    *Plaintiff Manjarezz fails to allege sufficient facts to invoke the discovery
rule or fraudulent concealment.*

Vanessa Manjarezz alleges that her port catheter was implanted on August 21, 2019, and was removed "in or about May 2020" because "[h]er medical team determined that she had developed severe sepsis and that the SmartPort was the source of the infection." Compl., *Manjarrez v. AngioDynamics, Inc., et al.*, No. 3:25-cv-00906-JO-VET (S.D. Cal. Apr. 16, 2025), Dkt. 1, at ¶¶ 36, 39.[4]  Plaintiff Manjarezz's claim was ripe in May 2020 and thus she had to file her lawsuit by May 2022.  Manjarezz did not file her Complaint until April 16, 2025.

Manjarezz is not entitled to have her claims rescued by the discovery rule because she does not plead either of the required elements- reasonable diligence or why she would have not been able to discover her cause of action earlier, even if she employed reasonable diligence – or any of the details necessary to evaluate these elements as ordered by this Court.  *Supra* 7:8-14; 7:20-8:2. Manjarezz also includes no allegations regarding when she discovered she had a cause of action or how she discovered it, which is also fatal.  *Supra* 7:8-14.  Lastly, fraudulent concealment is not applicable because Manjarezz pleads broad generalizations in contrast to the requirements of Rule 9(b), and does not plead any reasonable diligence or state an affirmative act by Defendants that prevented her from discovering her cause of action. *See, supra* 10:11-12; 10:19-21; 10:23-25. Plaintiff Manjarezz's Complaint is untimely and must be dismissed.

9)    *Plaintiff Schultz fails to allege sufficient facts to invoke the discovery rule
or fraudulent concealment.*

Laura Schultz alleges that her port catheter was implanted on February 4, 2009.  Am. Compl., *Schultz v. AngioDynamics, Inc., et al.*, No. 3:24-cv-01921-JO-VET (S.D. Cal. May 16, 2025), Dkt. 12, at ¶ 39.  She then alleges that on January 14, 2010, "it was determined that [the] defective port was thrombosed and that it fractured, and that the fractured piece migrated into her right atrium."  *Id*. at ¶ 44.  By her allegations, Plaintiff Schultz's claims accrued on January 14,

---

[4] Plaintiff Manjarezz's Complaint was filed after Defendants' Motion to Dismiss briefing but contains the same deficiencies as the complaints subject to the motion.

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
(310) 556-1801

2010, meaning she needed to file her cause of action by January 14, 2012, to be timely. However, she did not file her complaint until September 9, 2024 – *over 12 years* – after her cause of action accrued.

Plaintiff Schultz provides *zero* of the facts required to demonstrate diligence. She expressly alleges that she did nothing, alleging simply that she "did not have a chance to consult" with her physicians. *Id*. at ¶ 45.

Nor did Schultz allege she performed *any* diligence. She claims she discovered her potential cause of action on September 13, 2022, when she "saw an advertisement on Facebook regarding the litigation." *Id*. at ¶ 47; *see also supra*, fn 1 (rejecting plaintiff's argument that they only became aware of a claim when they saw an advertisement). She alleges no specifics about this advertisement and there is no indication that the advertisement pertained to AngioDynamics products specifically. Plaintiff Schultz does not allege any facts to explain why, if she had exercised reasonable diligence earlier, she would not have been able to uncover her claims sooner or what new information the litigation advertisement revealed. Accordingly, Plaintiff Schultz has not pleaded the discovery rule. *Supra* 7:20-8:2 (dismissing complaints for failure to plead discovery rule).

Similarly, Plaintiff Schultz does not allege fraudulent concealment. First, Schultz admits she did not use any diligence, let alone reasonable diligence. *Supra* 10:19-21 (plaintiff must use reasonable diligence for fraudulent concealment). Additionally, her pleading does not identify an affirmative act by Defendants kept her from learning of a material fact, let alone one that she relied on that prevented her from filing suit. *Supra* 10:11-12; 10:17 (plaintiff must plead that a defendant prevented them from filing suit). As a result, Schultz's claims are time-barred.

### 10) *Plaintiff Silva fails to allege sufficient facts to invoke the discovery rule or fraudulent concealment.*

Kelley Silva alleges that on January 1, 2018, she underwent placement of her port catheter. Am. Compl., *Silva v. AngioDynamics, Inc., et al*., No. 3:25-cv-00190-JO-VET (S.D. Cal. June 1, 2025), Dkt. 13, at ¶ 40. Silva then alleges that on April 23, 2019, she developed an infection and

20

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
(310) 556-1801

1  her "doctors ultimately removed the port and treated the infection." *Id.* at ¶ 43.  Therefore, Plaintiff

2  Silva's cause of action accrued on April 23, 2019, and she would have needed to file her claim by

3  April 23, 2021, instead of December 31, 2024.

4      Silva alleges no reasonable diligence, stating she "did not have an opportunity to consult

5  with any of her physicians about the cause of [her] infection." *Id.* at ¶ 61.  Silva asked no questions

6  or even attempted to gather information that was available to her if she bothered to look for it. Silva

7  does not explain why looking would have been futile.  Like the others, Plaintiff Silva alleges it was

8  not until "January 2023 when she saw an ad regarding the AngioDynamics' defective products

9  *litigation*" that she realized she might have a claim. *Id.* at ¶ 64. Here again, Silva provides no

10  information as to what data the ad provided on AngioDynamics products that was previously

11  unavailable with reasonable investigation.  A legal ad soliciting clients for personal injury cases is

12  not new information about a product's defect that was not reasonably available to the Plaintiff

13  during the delay period.  Thus, Plaintiff has not pled sufficient facts to warrant the application of

14  the discovery rule.  *Supra,* 7:8-14.

15      Additionally, Plaintiff Silva cannot use fraudulent concealment to toll her claims.  Silva

16  utilized no reasonable diligence nor did she plead with the needed specificity actions Defendants

17  engaged in to prevent Plaintiff Silva from learning she had a cause of action.  *Supra* 10:19-21;

18  10:23-25.  As a result, Plaintiff Silva's claims must be dismissed as time barred.

19  **B.**    **Plaintiffs should not be given further leave to amend.**

20      Plaintiffs have already been provided the opportunity to amend their complaints once, with

21  specific instructions from this Court to make sure that they included sufficient factual detail to

22  invoke the discovery rule. As demonstrated throughout, none of them have done so.

23      While California courts are liberal in permitting plaintiffs to file amended complaints, a

24  court is justified in denying leave to amend when a plaintiff "repeated[ly] fail[s] to cure deficiencies

25  by amendments previously allowed."  *See Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876,

26  892 (9th Cir. 2010).  Indeed, a "district court's discretion to deny leave to amend is particularly

27  broad where plaintiff has previously amended the complaint."  *Cafasso, U.S. ex rel. v. Gen.*

28

21

Case No. 3:24-md-03125-JO-VET    MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF DEFENDANTS' MOTION TO DISMISS

1    *Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011).  Further, any amendment to an

2    existing complaint cannot allege facts that contradict facts in the existing pleading.  *Reddy v. Litton*

3    *Indus., Inc.*, 912 F.2d 291, 296–97 (9th Cir. 1990) ("[a]lthough leave to amend should be liberally

4    granted, the amended complaint may only allege other facts consistent with the challenged

5    pleading."); *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) (leave to

6    amend allowed only if deficiencies can be cured with additional allegations that do not contradict

7    the allegations in the original complaint).  Plaintiffs have already had one opportunity to amend

8    their complaints and have come up short.  And when Defendants asked whether they intended to

9    further amend, they elected to stand on their complaints.

10       Moreover, all of the injuries Plaintiffs allege – fracture, thrombosis, and infection – were

11    acknowledged risks in the Instructions for Use for the devices, information that was available to

12    Plaintiffs and their physicians at all times.  Plaintiffs' reliance on seeing lawyer advertising for new

13    cases years later does not toll the statute of limitations.  If it did, no statute of limitations would

14    ever run and no cases would ever be time-barred.  Plaintiff would be able to ignore their claims for

15    years – even more than a decade, as some here have done - until they meet a lawyer interested in

16    filing a case.  Plaintiffs should not be given leave to amend.

17    Dated:  September 19, 2025                    **POLSINELLI LLP**

18

19                                               By:    */s/ Thomas Yoo*
                                                      Thomas Yoo
20

21                                               *Attorneys for Defendants*
                                                 *AngioDynamics, Inc. and*
22                                               *Navilyst Medical, Inc.*

23

24

25

26

27

28

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
(310) 556-1801

22

MEMORANDUM OF POINTS AND AUTHORITIES IN
                                                 SUPPORT OF DEFENDANTS' MOTION TO DISMISS

## **CERTIFICATE OF SERVICE**

I certify that I served a copy of this document on the Court and all parties by filing this document with the Clerk of Court through the CM/ECF filing system, which will provide electronic notice and an electronic link to the document to all counsel of record.

*/s/ Thomas J. Yoo*
Thomas J. Yoo

*Attorneys for Defendants*
*AngioDynamics, Inc. and*
*Navilyst Medical, Inc.*

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
(310) 556-1801

23

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF DEFENDANTS' MOTION TO DISMISS