1 Jenny A. Covington (SBN 233625)
jcovington@carltonfields.com
2 Molly J. Given (*Admitted pro hac vice*, MNBN 387713)
mgiven@carltonfields.com
3 CARLTON FIELDS, LLP
4 80 South Eighth Street
Suite 2800
5 Minneapolis, MN 55402
Telephone: (612) 605-9510
6 Facsimile: (612) 605-9511

7 *Attorneys for Defendants Angiodynamics, Inc., and Navilyst Medical, Inc.*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: ANGIODYNAMICS, INC., AND NAVILYST MEDICAL, INC., PORT CATHETER PRODUCTS LIABILITY LITIGATION | Case No.: 3:24-md-03125-JO-VET<br>Assigned for All Purposes to<br>Hon. Jinsook Ohta and U.S. Magistrate Valerie E. Torres |
| *Roberta Caldwell v. AngioDynamics, Inc., et. al.*, No. 3:25-cv-00599-JO-VET;<br>*Xavier Garrison v. AngioDynamics, Inc., et. al.*, No. 3:25-cv-00666-JO-VET;<br>*Maria Godin v. AngioDynamics, Inc., et. al.*, No. 3:25-cv-01561-JO-VET;<br>*Julie Lapper v. AngioDynamics, Inc., et al.*, No. 3:24-cv-02357-JO-VET;<br>*Vanessa Manjarrez v. AngioDynamics, Inc., et al.*, No. 3:25-cv-00906-JO-VET;<br>*Pearl Meyer v. AngioDynamics, Inc., et. al.*, No. 3:25-cv-00303-JO-VET;<br>*Bradley Ochsenbein v. AngioDynamics, Inc. et. al.*, No. 3:25-cv-00389-JO-VET;<br>*Laura Schultz v. AngioDynamics, Inc., et. al.*, No. 3:24-cv-01921-JO-VET;<br>*Kelley Silva v. AngioDynamics, Inc., et. al.*, No. 3:25-cv-00190-JO-VET;<br>*Stacy Valdez v. AngioDynamics, Inc., et. al.*, No. 3:24-cv-02490-JO-VET | **DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS ANGIODYNAMICS, INC. AND NAVILYST MEDICAL, INC.S' MOTION TO DISMISS CALIFORNIA CLAIMS PURSUANT TO ORDERS DATED AUGUST 25, 2025, AND SEPTEMBER 5, 2025**<br><br>Date: November 13, 2025<br>Time: 9:30 a.m.<br>Dept: 4C<br><br>Complaint filed:<br>Pretrial Conference: Not Set<br>Trial Date: Not Set |

## I. INTRODUCTION

Nothing argued in Plaintiffs' Opposition saves Plaintiffs' untimely claims from dismissal. In all ten (10) operative Complaints, Plaintiffs have failed to allege sufficient

1

facts to warrant tolling the statute of limitations under the discovery rule and fraudulent concealment. Further, Plaintiffs have failed to adhere to this Court's April 24, 2025, Order (Dkt. 239) and this Court's guidance from the April 17, 2025, Motion to Dismiss Oral Argument (Dkt. 242).

Plaintiffs' allegations in each Complaint indicate that Plaintiffs and their physicians determined that their particular medical issue – infection, fibrin sheath, occlusion, thrombosis, or fracture – was caused by their port catheter(s), which therefore needed to be removed. This knowledge alone was more than enough to trigger a duty to investigate, as under the California Delayed Discovery Rule courts typically find that a cause of action accrues the moment the claimant sustained the underlying injury unless Plaintiffs assert more than conclusory allegations that a diligent investigation would not have disclosed that the alleged port catheter contributed to Plaintiffs' harm.

Nonetheless, Plaintiffs persist in arguing that these ten (10) California cases are timely because Plaintiffs did not understand their port catheter failed due to a defect in the port catheter, which alone is insufficient to invoke the delayed discovery rule. Additionally, as the Court directed the Plaintiffs to amend **all** Complaints ***regardless of state law***, to meet the clear pleading standards to invoke the discovery rule, it is of no consequence that the *Garrison, Godin and Manjarrez* matters were filed *after* the initial Complaints and after the Court's April 24, 2025, Order as these Complaints were filed while counsel were aware of the Court's clear guidance on what needed to be alleged to toll the Complaints' facial untimeliness due to the applicable statute of limitations.

Based on the above, Defendants Angiodynamics, Inc. and Navilyst Medical, Inc.'s Motion to Dismiss these ten California Cases should be granted without leave to amend.

## II. PLAINTIFFS HAVE NOT PLEADED SUFFICIENT FACTS TO WARRANT TOLLING THE STATUTE OF LIMITATIONS

"[W]hen a plaintiff relies on the [California] discovery rule or allegations of fraudulent concealment as excuses for an apparently belated filing of a complaint, 'the burden of pleading and proving belated discovery of a cause of action falls on the

1  plaintiff.'" (*Czajkowski v. Haskell & White, LLP*, 208 Cal.App.4th 166, 174 (2012); *see
2  also* (*Rutledge v. Bos. Woven Hose & Rubber Co.*, 576 F.2d 248, 249 (9th Cir. 1978) (To
3  invoke the doctrine of fraudulent concealment, the plaintiff carries "the burden of both
4  pleading and ultimately proving fraudulent concealment."); (*Philips v. Ford Motor Co.*,
5  No. 14-CV-02989-LHK, 2016 WL 1745948, at *14 (N.D. Cal. May 3, 2016) (holding
6  plaintiff must show reasonable diligence to establish fraudulent concealment)).

7  Thus, in order for Plaintiffs' Operative Complaints to avoid dismissal, Plaintiffs
8  must have asserted sufficient facts to support their position that the California Delayed
9  Discovery Rule and/or Defendants' Fraudulent Concealment tolled the 2-year statute of
10  limitations.

11  **A. <u>CALIFORNIA'S DELAYED DISCOVERY RULE</u>**

12  Under California's Delayed Discovery Rule, Plaintiffs needed to plead facts to show
13  either: (1) they did not know of the facts that would have caused a reasonable person to
14  suspect they had suffered harm by someone's wrongful conduct; or (2) they did not
15  discover, and a reasonable and diligent investigation would not have disclosed the factual
16  basis that contributed to their harm.  (See CACI 455 (Statute of Limitations – Delayed
17  Discovery.))

18  Further, as a District Court within the Southern District of California stated in *Estate
19  of Kong v. City of San Diego*, "California courts typically find that a cause accrues the
20  moment at which the claimant sustained the underlying injury.") (*Est. of Kong by &
21  through Kong v. City of San Diego*, No. 22-CV-1858-BAS-DDL, 2023 WL 4939370, at
22  *11 (S.D. Cal. Aug. 2, 2023, citing *Nguyen v. W. Digital Corp.*, 229 Cal.App.4th 1552,
23  1538–39 (2014)).

24  Nonetheless, Plaintiffs continue to argue that they could not possibly have known
25  they were injured and/or that their injuries were wrongfully caused at the time the alleged
26  defective port catheters were removed and often replaced.  However, in making this
27  argument, Plaintiffs give no weight to their own allegations that each Plaintiff knew that
28

1  one if not two port catheters had to be removed via surgery as part of their treatment for
2  their injuries.
3      Moreover, many of the ten operative Complaints fail to allege that a reasonable and
4  diligent investigation would not have revealed that the alleged port catheter contributed to
5  Plaintiffs' harm.  Further, for the Complaints that do assert that a reasonable and diligent
6  search would not have led to the alleged wrongful conduct, Plaintiffs fail to allege any facts
7  to support this conclusory assertion.  In fact, many of these same Plaintiffs assert they did
8  not consult their respective doctors regarding the cause of their injury and/or that Plaintiffs
9  themselves did not have sufficient medical knowledge to know it was even a possibility.
10 While under the Federal Rules of Civil Procedure, Plaintiffs may present conflicting
11 allegations in their respective Complaints, these allegations must be made in good faith.
12 (*See, e.g.*, Silva Operative Complaint ¶¶ 54, 61-62 (Dkt. 13) and Fed. Rule of Civ. Proc.
13 8(d) and 11.)
14      Here, Plaintiffs interacted with a number of healthcare workers during treatment for
15 their alleged injuries, including but not limited to oncologists, surgeons, treating physicians
16 and/or nurses, to name a few.   Therefore, it seems disingenuous for any of the Plaintiffs to
17 assert they did not have the opportunity to ask any of these individuals about the potential
18 reasons for removing their port catheters at least once, if not twice.  Further, there are
19 instructions, documents, and resources that connect the types of injuries that Plaintiffs
20 suffered to defective port implantation, which were easily findable, if Plaintiffs had tried
21 to investigate at all.  Thus, it is implausible to assert that a diligent search would not have
22 revealed a potential cause for Plaintiffs' injuries.
23      For these reasons, California's Discovery Rule does not save Plaintiffs' Complaints
24 from being untimely under California's 2-Year Statute of Limitations, as evidenced by the
25 lack of reasonable inquiry following admitted knowledge of their injury and removal (and
26 often replacement) of Plaintiffs' respective port catheters, as recapped in the table below:
27
28

| Plaintiff | Allegations evidencing Plaintiffs' lack of reasonable inquiry following knowledge of their injury within California's two-year Statute of Limitations |
|---|---|
| 1. Caldwell | • Plaintiff's physician indicated he did not know why the injury developed other than to say it happens sometimes<br>• Plaintiff believed and trusted her doctor, and had her physician informed her injury was caused by a defect in the product, Plaintiff would have investigated a potential legal claim sooner and would not have agreed to another port catheter device implant<br>(See Complaint Dkt. 7, 3:25-cv-00599-JO-VET, ¶¶ 68, 69.) |
| 2. Valdez | • Plaintiff's doctor advised the port catheter can fail for an unknown cause<br>(See Complaint Dkt. 13, 3:24-cv-02490-JO-VET, ¶ 71.) |
| 3. Meyer | • The Plaintiff's doctor indicated he did not know why the device failed the first time, so he didn't ask again after the second removal/replacement<br>• Plaintiff had cancer and was focused on getting a new port for treatment<br>• Plaintiff trusted her doctor and the doctor did not inform her that her injury was caused by a defect in the port, so she did not investigate sooner<br>(See Complaint Dkt. 6, 3:25-cv-00303-JO-VET, ¶¶ 79, 81, 83.) |
| 4. Ochsenbein | • Plaintiff did not ask his doctors why the devices failed and believed the device was safe because his doctors recommended implantation of the same device two additional times after first developing thrombosis and later an infection |

| | | |
|---|---|---|
| | | (See Complaint Dkt. 6, 3:25-cv-00389-JO-VET, ¶ 73.) |
| | **5. Garrison** | • Plaintiff asserts no facts to support failure to investigate and seeks leave to amend based on when Plaintiff filed the operative Complaint<br><br>(See Complaint Dkt. 1, 3:25-CV-00666-JO-VET, ¶ 40-60 and 118-128.) |
| | **6. Godin** | • Plaintiff had no reason to believe there was a problem because Plaintiff trusted the doctor's judgment and thought the injury was caused by her underlying health conditions<br><br>(Complaint Dkt. 1, 3:25-cv-01561-JO-VET, ¶ 70.) |
| | **7. Lapper** | • Plaintiff initially indicates she consulted her medical providers about the nature of her injuries but later in her Complaint indicates she did not have an opportunity to consult her doctor<br>• Further, while Plaintiffs assert in their Opposition that Plaintiff thought her injury was from her underlying health conditions, this is nowhere to be found in the Complaint. (See Plaintiffs' Opp. DE 416, p. 17:8-12)<br><br>(Complaint Dkt. 16, 3:24-cv-02357-JO-VET, ¶¶ 54, 61, 62 and the Specific Factual Allegations Section ¶¶ 40-66 and the Fraudulent Concealment Cause of Action ¶¶ 124-134.) |
| | **8. Manjarrez** | • Plaintiff asserts no facts to support failure to investigate and seeks leave to amend based on when Plaintiff filed the operable Complaint<br><br>(Complaint Dkt. 1, 3:25-cv-00906-JO-VET, ¶¶ 36-58 and 103-111.) |

| 9. Schultz | • Plaintiff did not have a chance to consult with her doctors about the cause of her thrombosis and fracture (Complaint Dkt. 3:24-cv-01921-JO-VET, ¶¶ 45, 46) |
|---|---|
| 10. Silva | • Initially Plaintiff states she consulted with her medical providers about the nature of her injuries but later in the Complaint Plaintiff says she had no investigation with her doctors because she had insufficient medical knowledge to know that defects in a port could cause an infection (Complaint Dkt. 3:25-cv-00190-JO-VET, ¶¶ 54, 61, 62.) |

B.   **California's Fraudulent Concealment Exception Does Not Apply**

It is well established that fraudulent concealment, as a type of fraud claim, is subject to the heightened pleading standard of Federal Rule of Civil Procedure 9(b). Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."). In practice, this requires the party alleging fraud to allege the "who, what, when, where, and how" of the alleged fraudulent conduct. (*Vess v. Ciba–Geigy Corp.* USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (holding that claims based on fraudulent activity "must be accompanied by 'the who, what, when, where, and how'" of the fraudulent activity. (citation omitted)).

Second, the doctrine of fraudulent concealment permits a plaintiff to toll the statute of limitations ***only*** if the plaintiff properly pleads that the defendant prevented the plaintiff from discovering the cause of action by some affirmative action, despite the plaintiff's reasonable diligence. (*See Herron v. Best Buy Co. Inc.*, 924 F. Supp. 2d 1161, 1176 (E.D. Cal. 2013). To be clear, it is not enough to allege underlying fraud, or fraud in general, in order to invoke the doctrine of fraudulent concealment to toll the statute of limitations. (*See Rustico v. Intuitive Surgical, Inc.,* 424 F. Supp. 3d 720, 740 (N.D. Cal. 2019), aff'd, 993 F.3d 1085 (9th Cir. 2021). Instead, a defendant must engage in wrongful concealment to specifically induce the delay of the filing or pursuit of legal claims. Further, "California Courts have repeatedly held that the doctrine of fraudulent concealment for tolling the

1  statute of limitation does not come into play, whatever the lengths to which a defendant
2  has gone to conceal the wrongs, if a plaintiff is on notice of a potential claim." (internal
3  quotation marks omitted) (*Id*). As discussed above, each Plaintiff was on notice of the
4  potential claims against Defendant as of the dates of their surgeries.

5        Further, Plaintiffs do not allege that Defendants misstated the risks of using the
6  device, improperly concealed hazards from trained physicians, misrepresented information
7  about their product to the FDA, or schemed to conceal the extent of Plaintiffs' alleged
8  injuries.  Accordingly, Plaintiffs have not adequately alleged fraudulent concealment
9  sufficient to toll the statute of limitations.

10        Instead, Plaintiffs' sole allegation supporting their fraudulent concealment claims is
11  that Defendants marketed the port device as safe.  However, even under the most generous
12  reading, Plaintiffs' allegations are mere boilerplate. (*See, e.g.*, *Silva*, Dkt. 13.)  None of
13  the Plaintiffs specify what specific "material" facts were concealed, who concealed them,
14  or how these alleged concealments specifically prevented Plaintiffs from discovering their
15  causes of action.  Further, Plaintiffs certainly do not include any allegations that they were
16  induced by Defendants to delay filing their lawsuits after their injuries.  Thus, Plaintiffs'
17  Operative Complaints should be dismissed as untimely.

18  **III.  Plaintiffs Failed to Comply with the Court's April 24, 2025, Order**

19        As outlined in Defendants' September 19, 2025, Motion to Dismiss, Plaintiffs fail
20  to address the specific questions that the Court asked them to answer in their Amended
21  Complaints. (*See* Tr. 7:14–24 ("if you're relying on the discovery rule, you need to give
22  me factual allegations about what the reasonable efforts were, when you found out, how
23  you found out, because the discovery rule, that time period would only be tolled by, the
24  presence of reasonable efforts"); 8:9–22 ("the parts that I'm asking amendment on are very
25  fact and plaintiff-specific as to specific dates when they found out, what reasonable efforts
26  or diligent efforts they did or did not take.")  As evidenced in the table in this reply at pages
27  5 to 7, Plaintiffs did not allege any meaningful investigative diligence or that an
28

investigation would not have revealed the alleged wrongful conduct, other than in conclusory terms.

As Plaintiffs were given an opportunity to amend *all* of their Complaints and failed to follow the Court's Order, Defendants' Motion to Dismiss these ten California Complaints should be granted without leave to amend.

## IV.  CONCLUSION

Plaintiffs' Operative Complaints fail to meet the standards of the California Delayed Discovery Rule and also fail to allege facts sufficient to meet the standards of fraudulent concealment to justify tolling the statute of limitations.  Further, the Plaintiffs have failed to adhere to this Court's April 24, 2025, Order and guidance set out during the April 17, 2025, Oral Argument on Defendants' Motion to Dismiss.  Thus, this Court should grant Defendants' Motion to Dismiss Plaintiffs' time-barred claims and deny leave to further amend as Plaintiffs were ordered to amend all Complaints and failed to plead sufficient facts to justify tolling the statute of limitations in any of these cases.

Dated:  October 9, 2025

/s Molly Jean Given
Molly Jean Given (pro hac vice)
Jenny A. Covington
**CARLTON FIELDS**
IDS Center
80 South Eighth Street, Suite 2800
Minneapolis, MN 55402
Tel: 612.605.9923 | Fax: 612.605.9511
mgiven@carltonfields.com

Eden M. Darrell
**CARLTON FIELDS**
2029 Century Park East
Suite 1200 | Los Angeles, California 90067-2913
Tel: 202.965.8174 | Fax: 202.965.8104
EDarrell@carltonfields.com

## CERTIFICATE OF SERVICE

I certify that I served a copy of this document on the Court and all parties by filing this document with the Clerk of Court through the CM/ECF filing system, which will provide electronic notice and an electronic link to the document to all counsel of record.

Dated: October 9, 2025

*/s/ Molly Jean Given*

2