# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ANGIODYNAMICS, INC., AND NAVILYST MEDICAL, INC., PORT CATHETER PRODUCTS LIABILITY LITIGATION | Case No.: 3:24-md-03125-JO-VET<br><br>**CASE MANAGEMENT ORDER NO. 6** |

There are currently 128 cases in this MDL that are not subject to statute of limitations motions.[1] Plaintiffs allege three (3) categories of injury that they intend to litigate in this MDL. Those categories of injuries are infection, fracture, and thrombosis. Discovery is limited to the port catheters rather than the bodies of the devices themselves. With that one exception, discovery is open as to all issues, not just general causation. *See* ECF. No. 263. Accordingly, the Court **ORDERS** the Bellwether selection protocol and schedule are as follows:

---

[1] There are currently 246 cases in total in this MDL. As statute of limitations ("SOL") motions are currently pending, cases subject to those motions are not included in this Order at this time. However, if the Court does not dismiss those cases on the pending motions, such cases shall become subject to the requirements of this Order and Plaintiffs shall provide their PFS and records authorizations within 30 days of the Court's order on the SOL motions.

I.  **Status Conferences**

The Court will hold a video status conference before Magistrate Judge Valerie E. Torres approximately every 45 days to consult with the Parties concerning the progress of the case, including discovery. The first status conference is set for **December 1, 2025 at 10:00 a.m**. Subsequent status conferences will be set at the conclusion of each status conference. The Court will provide video conference information two days prior to each status conference.

II. **Bellwether Selection Process**

A.  **Profile Forms**

All Plaintiffs shall complete Plaintiff Profile Forms ("PPF"), in a form to be prepared and submitted by the Parties by **October 17, 2025**, with the intent of providing basic case screening information, and shall include relevant medical records already collected by Plaintiffs and authorizations for collection of additional records from third parties. The PPFs shall be completed on a rolling basis, with at least the first 70 cases[2] completed by **December 1, 2025**, and by **January 12, 2026** for any remaining cases filed prior to **November 15, 2025**. For any new case filed thereafter, PPFs shall be completed within sixty (60) days after filing. The PPF shall include executed medical authorizations for any provider identified in the PPF. Plaintiffs are required to provide proprietary/specialized authorizations for any providers requiring such authorizations. If Plaintiffs fail to provide proprietary authorizations required by providers, they must do so within fourteen (14) days of being notified by Defendants' counsel that such an authorization is necessary.

Defendants shall complete Defendant Profile Forms, in a form to be prepared and submitted by the Parties by **October 24, 2025**, with the intent of providing basic case screening information, by no later than forty-five (45) days after Plaintiffs serve their PPF.

---

[2]  All 70 cases should come from those cases not subject to a pending motion to dismiss.

The Parties shall address missing or deficient PPFs using the discovery dispute procedures outlined below in Section IV.

### B. The Initial Pool

By no later than **February 6, 2026**, the Parties shall meet and confer to determine the distribution of alleged injury types (infection, fracture, thrombosis) among cases with executed PPFs, ensuring the Bellwether Pool reflects this distribution. By **March 2, 2026**, the Parties shall file a statement outlining either their agreed-upon distribution for the Bellwether Pool or their respective positions if no agreement is reached.

On or before **June 5, 2026,** the Parties each shall simultaneously identify nine (9) Representative Plaintiff candidates for the Initial Pool, for a total of eighteen (18) cases to be worked up for case-specific discovery.

Should Plaintiffs and Defendants select the same cases among their nine (9) cases, thus resulting in a total pool of fewer than eighteen (18) cases, provided the total number in the pool is sixteen (16) or more cases, those cases shall compromise the first full Initial Pool. Should the total pool fall to fifteen or fewer cases, then the Parties will have an equal number of additional picks necessary to bring the total pool to more than fifteen cases, with Plaintiffs making the first additional case selection, and the Parties then alternating selections, until the pool of cases totals between 16 and 18 cases.

Preliminary fact discovery for the Initial Pool shall include the following: (1) a Plaintiff Fact Sheet ("PFS") with authorizations for any additional provider identified in a PFS (and not identified in the PPF); and (2) depositions of Plaintiff, their spouse (as applicable), any physician whose treatment was/is related to the Plaintiff's use of the Device and/or alleged injuries therefrom, and Plaintiff's primary care providers from two years prior to use of the Device until the present.

Defendants may wish to pursue additional case-specific discovery, including additional depositions or written discovery under the Federal Rules of Civil Procedure. Before doing so, Defendants shall notify Plaintiffs' counsel in writing of the specific discovery sought. If Plaintiffs object to the additional case-specific discovery, the Parties

shall meet and confer to resolve the objection **within five (5) business days of Plaintiffs' counsel receiving the written notice**. Unresolved objections shall be addressed pursuant to the discovery dispute procedures in Section IV.

If Defendants wish to obtain records from a source not identified in the PPF or PFS, Defendants shall provide Plaintiffs' counsel with an authorization for those records. Plaintiffs' counsel shall return the completed authorization within 14 days of receipt. If Plaintiffs object to Defendants' request, the Parties shall meet and confer to resolve the objection **within five (5) business days of Plaintiffs' counsel receiving the proposed authorizations**. Unresolved objections shall be addressed pursuant to the discovery dispute procedures in Section IV.

The Parties will work together to draft a PFS and Defendant Fact Sheet ("DFS) by **May 15, 2026**. The Parties will also meet and confer and submit a proposal to the Court by **May 15, 2026** concerning the logistics for conducting depositions, including, but not limited to, location, timing, and procedures for the deposition of Plaintiffs, spouses, and medical providers. As to medical providers, the proposal will address issues such as contacting medical providers, deposition costs, and providing records to providers prior to deposition.

All Plaintiffs in the Initial Pool shall serve a PFS on or before **July 15, 2026**. Defendants shall then produce the DFS for each case by **September 1, 2026**.

Preliminary fact discovery for the Initial Pool shall be completed by **November 20, 2026.** "Completed" means that all discovery must be initiated a sufficient period of time in advance of the cut-off date, so that it may be completed by the cut-off date, taking into account the times for service, notice, and response as set forth in the Federal Rules of Civil Procedure. **The discovery dispute procedures in Section IV shall govern any disputes concerning preliminary fact discovery, including, without limitation, any missing or deficient PFS and requests by Defendants for additional case-specific discovery.**

### C. The Bellwether Pool

On or before **December 11, 2026**, the Parties each shall make a simultaneous exchange of lists identifying five (5) cases each from the Initial Pool for the Bellwether Pool, for a total of ten (10) cases. Should Plaintiffs and Defendants select the same cases among their five (5) cases, thus resulting in a total pool of fewer than ten (10) cases, the Parties will both identify an equal number of additional Plaintiffs from the Initial Pool to bring the Bellwether Pool to more than nine (9) cases, with Plaintiffs having the first selection, until the total Bellwether Pool is ten (10) to eleven (11) cases.

The Parties may each "strike" one case selected by the other Party from the Bellwether Pool, which in the striking Party's view is not representative of the cases in the MDL, thus reducing the total number of cases to eight (8) or nine (9). The Parties will identify the cases in the Bellwether Pool to the Court in one filing. The Court will review the Bellwether Pool Plaintiffs selected by the Parties to ensure that they represent a sample of the cases currently pending in this MDL and are consistent with the guidelines set by the Court. The Court will issue an order identifying the Bellwether Pool Plaintiffs.

For each Plaintiff in the Bellwether Pool who voluntarily dismisses his or her case with prejudice, Defendants may at their option, within 14 days of execution of a stipulation of dismissal or order of dismissal, select for inclusion in the Bellwether Pool a substitute Plaintiff from the Initial Pool alleging the same type of injury. To the extent a Plaintiff in the Bellwether Pool is permitted to voluntarily dismiss without prejudice, Defendants may select for inclusion in the Bellwether Pool a substitute Plaintiff from the Initial Pool alleging the same type of injury.

## III. Bellwether Discovery

### A. Bellwether Pool Fact Discovery

By **December 21, 2026**, the Parties shall meet and confer to prepare a plan and schedule for proposed further case-specific fact discovery of bellwether pool cases, potentially including but not limited to written discovery, additional depositions, independent medical examinations, and/or further document collection, and submit their

joint proposed plan to the Court by no later than **January 7, 2027**. Should the Parties not agree, they may submit competing plans. The Parties may propose deferring damages or other case-specific fact discovery until after expert discovery and motion practice, if appropriate.

  B. Bellwether Pool Expert Discovery

  By **February 26, 2027**, Plaintiffs shall comply with the disclosure provisions in Fed. R. Civ. P. 26(a)(2)(A)–(C). By **April 30, 2027**, Defendants shall comply with the disclosure provisions in Fed. R. Civ. P. 26(a)(2)(A)–(C). Any Party that fails to make these disclosures shall not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial. In addition, the Court may impose sanctions as permitted by Fed. R. Civ. P. 37(c). Plaintiffs shall supplement their disclosures regarding contradictory or rebuttal evidence under Fed. R. Civ. P. 26(a)(2)(D) and 26(e) by **June 1, 2027**. Expert depositions shall be completed by no later than **July 19, 2027**.

  C. Bellwether Rule 702 and Summary Judgment Motions

  Rule 702 Motions and Summary Judgment Motions shall be filed by **September 30, 2027**. Any oppositions shall be filed by **November 15, 2027**. Any replies shall be filed by **December 15, 2027**. The Court shall schedule motion hearing dates at a later time.

  D. Trial Selection

  The Bellwether Pool cases shall be set for individual trials. The presumptive sequence of trials shall be alternating picks, such that no side has two selections tried consecutively.

**IV. Discovery Dispute Procedures**

  Before bringing any discovery dispute to the Court's attention, lead counsel (or attorneys with full authority to make decisions on the matter in dispute) must promptly and thoroughly meet and confer in person or by videoconference regarding all discovery disputes. **Letters, emails, or telephone calls do not satisfy this requirement.**

If the Parties fail to resolve their discovery dispute through the meet and confer process, the Parties must jointly call the Chambers of Magistrate Judge Torres and speak to the law clerk assigned to the case. During the call with Chambers, counsel should be prepared to: (1) explain the details of the dispute and the Parties' respective positions; (2) describe the Parties' meet and confer efforts; (3) identify the relief requested; and (4) provide three dates and times within the next seven (7) days when all counsel is available for an in-person hearing or video conference with the Court. Based on the nature of the dispute, the Court will either schedule a discovery conference or direct the Parties to file a motion and set a briefing schedule and page limits. The Parties should be prepared to file a motion and opposition on an expedited briefing schedule following the initial conference call with Chambers. In advance of any discovery conference set by the Court, the Parties **may** file a joint statement, no longer than three (3) pages per side, describing the nature of the discovery dispute and the Parties' respective positions. Any joint statement shall be filed **two business days** prior any discovery conference.

The Parties must initiate the conference call to Chambers **within thirty (30) days** of the event giving rise to the discovery dispute. The event giving rise to the discovery dispute is as follows: (1) for a missing or deficient PPF or PFS, the date the form or fact sheet was due or served; (2) for requests for additional case-specific discovery or authorizations, the date Plaintiffs communicated their objection to such requests; (3) for depositions, receipt from the Court reporter of the affected portion of the deposition transcript; and (4) for written discovery, the date the relevant response was served or due (if a Party fails to respond). The event giving rise to the dispute is not the date that counsel reach an impasse in meet and confer efforts. At the request of the Parties, the Court may extend the 30-day deadline upon a showing of good cause.

If a dispute requiring immediate resolution by the Court arises during a deposition, the Parties must suspend the deposition and immediately meet and confer. If the dispute is not resolved after meeting and conferring, the Parties may call Judge Torres' Chambers for an immediate ruling on the dispute. If available, the Court will rule on the dispute or give

instructions on how to proceed. If the Court is not available, the Parties must mark the deposition at the point of the dispute and continue the deposition with other areas of inquiry.

Discovery motions may not be filed without prior leave of Court. To the extent permitted by the Court, any discovery motion (e.g., motion to compel) must include the following:

1. If applicable, the verbatim Interrogatory, Request for Admission, Request for Production/Inspection, or deposition question in dispute, and the verbatim response to the request or question at issue;

3. If a privilege or protection from disclosure is asserted, the line item(s) of the privilege log describing the document(s)/information withheld; and

4. A statement explaining what relief the moving Party seeks and an analysis of applicable law supporting the requested relief.

Unless otherwise authorized, discovery motions and oppositions may not exceed ten (10) pages, exclusive of exhibits. Reply briefs are not permitted unless requested or authorized by the Court. The Parties should not attach correspondence between counsel unless it evidences an agreement allegedly breached. The Parties are not required to lodge a proposed order.

**IT IS SO ORDERED.**

Dated: October 14, 2025

Honorable Valerie E. Torres
United States Magistrate Judge