# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ANGIODYNAMICS, INC., AND NAVILYST MEDICAL, INC., PORT CATHETER PRODUCTS LIABILITY LITIGATION | Case No.: 3:24-md-03125-JO-VET<br><br>**CASE MANAGEMENT ORDER NO. 7** |

The Court held a Status Conference to discuss setting common-issue fact discovery deadlines on October 31, 2025. Discovery is limited to the port catheters rather than the bodies of the devices themselves. With that one exception, discovery is open as to all issues, not just general causation. *See* ECF No. 263. After consulting with the attorneys of record for the parties and reviewing the joint submission (*see* ECF No. 453), and good cause appearing, the Court **ORDERS** the following:

**I.      Common-Issue Fact Discovery**

Initial disclosures, pursuant to Fed. R. Civ. P. 26(a)(1)(A-D), must occur on or before **May 1, 2026**.

All common-issue fact discovery, including discovery by subpoena, shall be completed by all parties by **December 18, 2026.** "Completed" means that all discovery under Fed. R. Civ. P. 30-36, and discovery subpoenas under Fed. R. Civ. P. 45, must be initiated a sufficient period of time in advance of the cut-off date, so that it may be

completed by the cut-off date, taking into account the times for service, notice, and response as set forth in the Federal Rules of Civil Procedure. Counsel shall promptly and in good faith meet and confer regarding all discovery disputes in compliance with Local Rule 26.1(a). The Court expects counsel to make every effort to resolve all disputes without Court intervention through the meet and confer process. **If the parties reach an impasse on any discovery issue, counsel shall follow the procedures governing discovery disputes set forth in Section II of this Order. A failure to comply in this regard may result in a waiver of a party's discovery issue.** Absent an order of the Court, no stipulation continuing or altering this requirement will be recognized by the Court.

A. **Written Discovery**

The parties may mutually agree in writing, without Court approval, to extend the time period for discovery responses in Fed. R. Civ. P. 33, 34, and 36. Such agreed-upon extensions, however, shall not alter or extend the discovery deadlines set forth in this Order.

B. **Expert Discovery**

Plaintiffs shall provide full and complete expert disclosures for their common-issue experts as required by Fed. R. Civ. P. 26(a)(2)(A)–(C) and (E) by no later than **February 26, 2027**.

Defendants shall provide full and complete common-issue expert disclosures as required by Fed. R. Civ. P. 26(a)(2)(A)–(C) and (E) no later than **April 30, 2027**.

Plaintiffs' rebuttal expert disclosures, if any, shall be made no later than **June 1, 2027**.

Expert depositions shall be completed no later than **July 19, 2027**.

All expert discovery shall be completed by all parties by **July 19, 2027**. The parties shall comply with the same procedures set forth in the paragraph governing fact discovery.

C. **Motions to Exclude Common-Issue Experts and for Summary Judgment**

Motions to exclude common-issue experts and motions for summary judgment on MDL-wide issues shall be filed by **September 30, 2027**.

Any responses in opposition to those motions shall be filed by **November 15, 2027**.

Any replies in support of those motions shall be filed by **December 15, 2027**.

## II.     Discovery Dispute Procedures

Before bringing any discovery dispute to the Court's attention, lead counsel (or attorneys with full authority to make decisions on the matter in dispute) must promptly and thoroughly meet and confer in person or by videoconference regarding all discovery disputes. **Letters, emails, or telephone calls do not satisfy this requirement.**

If the Parties fail to resolve their discovery dispute through the meet and confer process, the Parties must jointly call the Chambers of Magistrate Judge Torres and speak to the law clerk assigned to the case. During the call with Chambers, counsel should be prepared to: (1) explain the details of the dispute and the Parties' respective positions; (2) describe the Parties' meet and confer efforts; (3) identify the relief requested; and (4) provide three dates and times within the next seven (7) days when all counsel is available for an in-person hearing or video conference with the Court. Based on the nature of the dispute, the Court will either schedule a discovery conference or direct the Parties to file a motion and set a briefing schedule and page limits. The Parties should be prepared to file a motion and opposition on an expedited briefing schedule following the initial conference call with Chambers. In advance of any discovery conference set by the Court, the Parties **may** file a joint statement, no longer than three (3) pages per side, describing the nature of the discovery dispute and the Parties' respective positions. Any joint statement shall be filed **two business days** prior to any discovery conference.

The Parties must initiate the conference call to Chambers **within thirty (30) days** of the event giving rise to the discovery dispute. The event giving rise to the discovery dispute is as follows: (1) for requests for additional case-specific discovery or authorizations, the date Plaintiffs communicated their objection to such requests; (2) for depositions, receipt from the Court reporter of the affected portion of the deposition transcript; and (3) for written discovery, the date the relevant response was served or due (if a Party fails to respond). The event giving rise to the dispute is not the date that counsel reach an impasse

in meet and confer efforts. At the request of the Parties, the Court may extend the 30-day deadline upon a showing of good cause.

If a dispute requiring immediate resolution by the Court arises during a deposition, the Parties must suspend the deposition and immediately meet and confer. If the dispute is not resolved after meeting and conferring, the Parties may call Judge Torres' Chambers for an immediate ruling on the dispute. If available, the Court will rule on the dispute or give instructions on how to proceed. If the Court is not available, the Parties must mark the deposition at the point of the dispute and continue the deposition with other areas of inquiry.

Discovery motions may not be filed without prior leave of Court. To the extent permitted by the Court, any discovery motion (e.g., motion to compel) must include the following:

1. If applicable, the verbatim Interrogatory, Request for Admission, Request for Production/Inspection, or deposition question in dispute, and the verbatim response to the request or question at issue;

2. If a privilege or protection from disclosure is asserted, the line item(s) of the privilege log describing the document(s)/information withheld; and

3. A statement explaining what relief the moving Party seeks and an analysis of applicable law supporting the requested relief.

Unless otherwise authorized, discovery motions and oppositions may not exceed ten (10) pages, exclusive of exhibits. Reply briefs are not permitted unless requested or authorized by the Court. The Parties should not attach correspondence between counsel unless it evidences an agreement allegedly breached. The Parties are not required to lodge a proposed order.

**IT IS SO ORDERED.**

Dated: October 31, 2025

Honorable Valerie E. Torres
United States Magistrate Judge